**UNITED STATES COURT OF APPEALS**

October 9, 2013

**TENTH CIRCUIT**

---

SAM ROZENBERG,

      Plaintiff - Appellant,

v.

JUDITH KNIGHT; MIKE PEREZ,

      Defendants - Appellees.

No. 13-1174
(D.C. No. 1:12-CV-00431-WJM-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.[**]

---

Plaintiff-Appellant Sam Rozenberg, proceeding pro se, appeals from the

district court's grant of summary judgment in favor of Defendants-Appellees,

employees of the Colorado Department of Corrections ("CDOC"). Rozenberg v.

Knight, 2013 WL 1320779 (D. Colo. Mar. 29, 2013). Our jurisdiction arises

under 28 U.S.C. § 1291 and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Background

In this civil rights action, Mr. Rozenberg alleges violations of the Eighth Amendment while incarcerated at the Arkansas Valley Correctional Facility. 42 U.S.C. § 1983. Mr. Rozenberg's claims stem from an attack by a fellow inmate on February 17, 2010. He asserts that Defendants, Lt. Judith Knight and Sgt. Mike Perez, failed to adequately protect him from and intervene to stop the attack.

The district court adopted the findings of the magistrate judge and held that (1) Mr. Rozenberg's claims against Defendants in their official capacities were barred by the Eleventh Amendment, (2) claims arising out of events that occurred before February 15, 2010, were barred by limitations, (3) the claims against Defendant Perez should be dismissed for failure to exhaust administrative remedies, and (4) the claims against Defendant Knight should be dismissed for failure to state a claim upon which relief can be granted. Mr. Rozenberg appeals findings (1), (3), and (4).

## Discussion

A.  Waiver of Eleventh Amendment Objection

As the district court noted, Mr. Rozenberg did not object to findings (1) or (2) in the magistrate judge's recommendation. As such, his argument on appeal that the district court erred in granting Defendants Eleventh Amendment

immunity is barred by our firm waiver rule. See Duffield v. Jackson, 545 F.3d 1234, 1237 (10th Cir. 2008). Although the firm waiver rule does not apply when the magistrate judge does not inform a pro-se litigant about objecting or when the interests of justice require consideration of a claim, id., neither exception applies here.

The magistrate judge clearly advised Mr. Rozenberg that he had 14 days from service of a copy of the recommendation to object to the proposed findings. Rozenberg v. Knight, No. 12-cv-00431, 2012 WL 7827998 at *11 (D. Colo. Nov. 19, 2012). Moreover, the "interests of justice" do not favor review here. Mr. Rozenberg requested and received four separate 14-day extensions before filing his objections on February 1, 2013—more than two months after the magistrate issued the recommendation. The magistrate's finding that suit against the Defendants in their official capacities is barred by the Eleventh Amendment is not akin to plain error. Rozenberg, 2013 WL 1320779 at *4.

B.     Exhaustion of Administrative Remedies as to Defendant Perez

The district court found that Mr. Rozenberg failed to exhaust his administrative remedies against Defendant Perez as required by 42 U.S.C. § 1997e(a) and dismissed the claims against Perez in his individual capacity without prejudice. Rozenberg, 2013 WL 1320779 at *3. We review de novo a district court's finding of failure to exhaust administrative remedies. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

The assault in question occurred on February 17, 2010. The next day, after complaining to the Inspector General of poor supervision in the kitchen where he worked, Mr. Rozenberg was removed from kitchen duties. On February 22, Mr. Rozenberg filed a Step 1 grievance against Defendant Perez, asserting that Perez was negligent in failing to discipline prisoners who had harassed Mr. Rozenberg.[1] The grievance was denied. Id. On March 31, Mr. Rozenberg filed a Step 2 grievance against Defendant Perez, which was ruled identical to the first grievance. Mr. Rozenberg attempted but failed to file a Step 3 grievance within the time limit required by CDOC administrative regulations, thus failing to exhaust his administrative remedies.

Mr. Rozenberg argues that he is excused from exhaustion of administrative remedies because the Inspector General alleviated his grievance by removing him from kitchen duty. A prisoner who obtains all the relief available to him is "not required to file additional complaints or appeal favorable decisions." Ross v. Bernalillo Cty., 365 F.3d 1181, 1187 (10th Cir. 2004). But Mr. Rozenberg did not receive the relief he requested in his grievances against Defendant Perez, which sought reprimand and reform of how Perez supervised the kitchen. Thus, he did not obtain all the relief available to him. As the district court noted, Mr. Rozenberg's filing of a Step 1 grievance after the Inspector General removed him from the kitchen belies his argument that removal from the kitchen constituted all

---

[1] The CDOC grievance process consists of three steps. 1 R. 76-77.

the relief he could or wanted to achieve.  Rozenberg,  2013 WL 1320779 at *3.

C.      Failure to State a Claim as to Defendant Knight

Mr. Rozenberg next argues that the district court erred in dismissing his

claims against Defendant Knight.  The district court found that Mr. Rozenberg

failed to allege personal participation or supervisory liability under § 1983 for the

alleged Eighth Amendment violations.  Rozenberg, 2013 WL 1320779 at *3-4.

We review a district court's dismissal under Rule 12(b)(6) de novo.  Childs

v. Miller, 713 F.3d 1262, 1264 (10th Cir. 2013).  Because Mr. Rozenberg is pro

se, we construe his pleadings liberally.  Haines v. Kerner, 404 U.S. 519, 520

(1972) (per curiam).  However, pro se status "does not relieve the plaintiff of the

burden of alleging sufficient facts on which a recognized legal claim could be

based. . . . [C]onclusory allegations without supporting factual averments are

insufficient to state a claim on which relief can be based."  Fogle v. Pierson, 435

F.3d 1252, 1263 n.7 (10th Cir. 2006) (quotation omitted).

To state a claim under § 1983, "a plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has

violated the Constitution."  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Government officials cannot be held liable merely by the fact of their supervisory

position.  Grimsley v. McKay, 93 F.3d 676, 679 (10th Cir. 1996).  However,

plaintiffs may hold defendants who are supervisors liable under a theory of

supervisory liability by showing:  "(1) the defendant promulgated, created,

implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013) (quoting Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)). Because Mr. Rozenberg alleges violation of his Eighth Amendment rights, the mental state he must show is "one of deliberate indifference." Tafoya v. Salazar, 516 F.3d 912, 916 (10th Cir. 2008). This requires that the defendant "actually be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. (internal quotation omitted).

Mr. Rozenberg does not allege that Defendant Knight personally participated in the attack. He makes clear that she was not present when it took place. To the extent Mr. Rozenberg seeks to allege supervisory liability, he has failed to do so. While Mr. Rozenberg alleges in his amended complaint that Defendant Knight "allowed her staff" to leave prisoners unattended in locked dining rooms, he does not allege that Knight personally created or implemented this policy. Moreover, he has not alleged with specificity that Knight was aware of or deliberately indifferent to a substantial risk of harm to him. While Mr. Rozenberg states that the offending inmate on prior occasions made jokes about him and touched him inappropriately in Knight's presence, he does not allege any facts supporting an inference that Knight was aware of a particular risk to him on

- 6 -

February 17, 2010.  Nor does he allege Knight consciously disregarded a substantial risk that night by leaving him unattended; he states that Knight was tending to a broken dishwasher when the assault occurred.  See Tafoya, 516 F.3d at 916 ("An official's failure to alleviate a significant risk of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not an infliction of punishment and therefore not a constitutional violation.").  Because he failed to allege the required mental state, Mr. Rozenberg has not adequately pleaded supervisory liability under § 1983 or a prima facie case of violation of his Eighth Amendment rights.

AFFIRMED.  Mr. Rozenberg's request to proceed in forma pauperis on appeal is GRANTED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge