FILED
United States Court of Appeals
Tenth Circuit

July 11, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MILTON VERAN WILLIAMS,

      Plaintiff−Appellant,

v.

DR. STEWARD; LT. RUTH MARTIN;
NIAMYRA RIDDELL; BEATRICE
GLOVER,

      Defendants−Appellees.

No. 12-7022
(D.C. No. 6:10-CV-00093-FHS-SPS)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

      Milton Veran Williams, an Oklahoma state prisoner, sued prison officials for an

---

      * After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

alleged violation of his constitutional rights. The district court dismissed Williams' case as frivolous under 28 U.S.C. § 1915(e)(2)(B). Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss the appeal and assess two strikes under § 1915(g).

## I

Williams, a prolific litigant, alleges that he was assaulted by his cellmate, "an unruly inmate with a long history of mental and bad behavior history," on or about March 25, 2008. Williams argues that he was placed with this allegedly violent individual in retaliation for filing inmate grievances. He further claims that, following the assault, he was denied medical treatment in violation of the Eighth Amendment.

Williams sued under 42 U.S.C § 1983, naming several prison officials as defendants. The district court dismissed the claims against certain defendants for failure of service—a ruling that Williams does not appeal. Evaluating the record, the district court found no evidence that Williams was assaulted on the alleged date and concluded that Williams' claims lacked "an arguable basis either in law or fact." See 28 U.S.C. § 1915 (e)(2)(B). Accordingly, it dismissed his complaint as frivolous.

## II

As an initial matter, the remaining defendants on appeal—case manager Niamyra Riddell and Lieutenant Beatrice Glover—claim that we lack jurisdiction to review the district court's dismissal. We disagree. The district court dismissed the complaint on March 8, 2012, and Williams filed a notice of appeal on March 26. The defendants claim

that this notice of appeal only sought review of certain procedural orders issued shortly before the dismissal, and not the dismissal itself.[1]  Although the notice of appeal is not a model of clarity, in a heading it lists the document number of the district court's dismissal.  We conclude that the notice of appeal was a legally sufficient advisement of Williams' intent to appeal the dismissal.  See Fed. R. App. P. 3(c)(1)(B) (requiring a notice of appeal to "designate the judgment, order, or part thereof being appealed"); Smith v. Barry, 502 U.S. 244, 248 (1992) ("Courts will liberally construe the requirements of Rule 3.").

Turning to the merits, we note that we generally review a district court's dismissal for frivolousness under § 1915(e) for abuse of discretion.  Fogle v. Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006).  However, if the "determination turns on an issue of law," our review is de novo.  Id.  Courts are not required to accept all factual allegations as true in reviewing a complaint under § 1915, but our assessment of the allegations "must be weighted in favor of the plaintiff."  See Denton v. Hernandez, 504 U.S. 25, 32 (1992). We construe Williams' pro se filings liberally.  Erickson v. Pardus, 551 U.S. 89, 94

---

[1] Although the notice of appeal names several procedural orders, Williams does not address them in his opening brief.  Thus, we deem any appeal from those rulings waived and do not address them.  See United States v. Redcorn, 528 F.3d 727, 737 n.4 (10th Cir. 2008).

(2007) (per curiam).

We see no error in the district court's finding of frivolousness. Williams' complaint contains no mention of how defendant Glover was involved in either alleged constitutional violation. As for Riddle, the complaint contains only the conclusory assertion that she made the cell assignment "knowing full well" his cellmate's violent and disruptive past behavior. Denuded of any facts to make the allegations of retaliatory motive plausible, the complaint fails to state a claim on which relief can be granted. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (quotation omitted)). Moreover, after careful review of the record, we agree with the district court that there is no evidence that meaningfully suggests Williams was assaulted on the date alleged. Therefore, for substantially the same reasons stated by the district court, we conclude that Williams' claims, as well as this appeal, are properly dismissed under § 1915(e)(2)(B).

### III

We **DISMISS** this appeal and assess two strikes under § 1915(g). See Jennings v. Natrona Cty. Det. Ctr. Med. Facility, 175 F.3d 775, 778 (10th Cir. 1999). We remind Williams that if he accrues three strikes, he may no longer proceed in forma pauperis in any civil action filed in federal court unless he is in imminent danger of physical injury. § 1915(g). We **DENY** Williams' motion to proceed in forma pauperis on appeal, see

- 4 -

McIntosh v. U.S. Parole Commission, 115 F.3d 809, 812 (10th Cir. 1997), and direct him to make full payment of the appellate filing fee immediately. All other pending motions are **DENIED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge