FILED
United States Court of Appeals
Tenth Circuit

April 8, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MILTON VERAN WILLIAMS,

        Plaintiff - Appellant,

v.

MGR. TAYLOR, H - Unit Manager;
SHERWOOD, Case Manager H - Unit;
CPL. GRAHAM; PETERS, OSP Chief
of Security; CRYSTAL
McFARLAND,

        Defendants - Appellees.

No. 13-7066
(D.C. No. 6:12-CV-00257-RAW-SPS)
(E.D. of Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

Milton Veran Williams appeals the district court's decision to dismiss his

case for failure to state a claim and the court's finding that his case is frivolous.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

We affirm the district court's dismissal and find that both the case and the appeal are frivolous.

## I.  Background

Williams is an Oklahoma state prisoner.  According to his complaint, several employees of the correctional facility in which he is serving his sentence retaliated against him for filing lawsuits against other prison officials.

In particular, Williams alleges that one defendant, who serves as the cellhouse unit manager, refused to mail legal documents on his behalf and instead instructed Williams to give his legal mail to his case manager.  When Williams continued to press her about it, she warned him that, if he persisted, she would send him to a disciplinary unit of the prison he refers to as the "D/U."

According to Williams, another corrections officer was then summoned—though by whom and for what purpose is unclear.  When the corrections officer arrived, he told the cellhouse unit manager that he heard Williams curse at her.  At that time, the cellhouse unit manager sent Williams to the D/U, where Williams spent five days.

Williams alleges that, when he returned to the cellhouse, he was demoted from Level 1 to Level 2 and that defendants withheld his personal property for several weeks and withheld state-owned clothing, sheets, blankets, and hygiene products for several months.

Williams also alleges that he was denied access to the prison yard and that one of the defendants threw away his yard identification card on several occasions.

Later, defendants sent Williams back to the D/U, this time for seventeen days. Williams does not describe the events that led up to that decision.

After Williams was released from the D/U, defendants assigned him to a cell with a particularly "unruly" cellmate. Complaint at 6. According to Williams, the defendants knew that the cellmate belonged to the same gang as a man who had assaulted Williams in 2008.

In late June, Williams was returned to the D/U and was allegedly placed in a cell without access to functioning drinking water. When he was released back to the cellhouse, he was assigned to a particularly "secluded" cell. Complaint at 11. His case manager, whom Williams does not name as a defendant here, allegedly said "that [sic] why we place you here," *id.*, but Williams's complaint does not relay the remainder of the conversation or elaborate about what the case manager may have meant by "that." A week later, that same case manager allegedly refused to accept Williams's outgoing legal mail and defaced Williams's disbursement form. Williams did manage, however, to timely send those documents to the court.

Williams argues that the defendants violated 42 U.S.C. § 1983 by inflicting cruel and unusual living conditions in retaliation for filing previous lawsuits

against other prison officials. The district court dismissed this claim, finding that Williams had not alleged specific facts demonstrating that the defendants' actions were substantially motivated by his pending lawsuits.

In his complaint, Williams also alleged that certain defendants promoted inmate-on-inmate assault when they required Williams to share a cell with a new cellmate. The district court also dismissed this claim, finding that, because Williams had not alleged that he had been assaulted, Williams had not identified an actual injury.

The district court also identified a short portion of Williams's complaint that alleged violation of a liberty interest. But, because Williams did not indicate which liberty interest was at issue or provide supporting facts, the district court dismissed this claim as well.

Having found that Williams failed to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), the district court went one step further and determined that his suit was frivolous, meriting a strike under 28 U.S.C. § 1915(g). If upheld, that strike would be Williams's third. *See Williams v. Steward*, 488 F. App'x 322 (10th Cir. 2012) (issuing two strikes against Williams).

## II. Analysis

On appeal, much of Williams's argument stems from his assertion that the affidavits attached to the defendants' motion to dismiss include untrue statements.

But, because the issue on appeal is whether the district court erred in determining that Williams had failed to state a claim, we do not consider the affidavits the defendants have provided. We look only to the amended complaint. *Cnty. of Santa Fe, N.M. v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1035 (10th Cir. 2002) ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."). Similarly, Williams argues that, through documents he submitted to the district court, he has proven certain facts to be true. But, again, the truth or falsity of facts is not relevant to our inquiry. When reviewing dismissal for failure to state a claim, we assume that the facts the plaintiff has pleaded are true. *Weise v. Casper*, 507 F.3d 1260, 1265 (10th Cir. 2007).

Construing Williams's filings broadly—as we must do for a *pro se* petitioner, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)—we identify two cognizable issues that Williams has properly brought before this court. First, he asks us to review the district court's determination that he failed to state a claim for retaliation. Second, he contests the district court's determination that his suit was frivolous. Williams has not appealed the district court's dismissal of his claim that defendants promoted inmate-on-inmate assault or that they violated a liberty interest.

### A. *Retaliation Claim*

We review de novo a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted. *City Ctr. W., LP v. Am. Modern Home Ins. Co.*, 741 F.3d 1338, 1340 (10th Cir. 2014). In order to survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

There are three necessary elements of a retaliation claim:

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1203 (10th Cir. 2007).

But we apply a more tailored standard to an inmate's retaliation claim against prison officials. Because "it is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison," we accord prison authorities deference as they undertake that complex job. *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998); *see also Turner v. Safely*, 482 U.S. 78, 84 (1987). Thus, we have held that a prisoner claiming retaliation must eventually "prove that 'but for' the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." *Peterson*,

-6-

149 F.3d at 1144. Accordingly, his complaint "must allege *specific* facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Id.* (internal quotation marks omitted). As we have reminded Williams before, "[d]enuded of any facts to make the allegations of retaliatory motive plausible, the complaint fails to state a claim on which relief can be granted." *Williams v. Steward*, 488 F. App'x 322, 324 (10th Cir. 2012).

Because access to the courts is a constitutionally protected activity, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), Williams has successfully pleaded the first element. And, for the purposes of this appeal, we assume that Williams's alleged injuries would chill a person from continuing to engage in that activity. Williams fails to state a claim, however, because he has failed to plead facts to support the assertion that the retaliation resulted from his exercise of his constitutional rights.

Williams identifies several allegedly retaliatory adverse actions in his complaint. First, he alleges that, when he asked the cellhouse unit manager to mail his legal documents, she sent him to the D/U and withheld certain personal items. But, as the district court correctly identified, Williams's complaint indicates that the cellhouse unit manager sent Williams to the D/U only after another corrections officer told her that Williams had cursed at her. In his complaint, Williams does not deny cursing. Because cursing at a prison official is reasonable grounds for disciplinary action, we find that it is not plausible on the

face of the complaint that the "but for" cause of the decision to send Williams to the D/U was his request to mail legal documents.

Further, we cannot conclude that the corrections officer who reported the cursing was motivated by retaliation. We see no reason to infer that the officer fabricated the claim that Williams had cursed. Even if we did, however, it is not plausible that the corrections officer was retaliating against Williams for his legal filing, especially since, according to the complaint, the officer was not present when Williams asked to mail legal documents.

Williams alleges that he was returned to the D/U on several other occasions, but he does not describe the events that gave rise to those decisions. In one instance, he suggests he was sent to the D/U "without grounds given." Complaint at 5. Describing his other stints in the D/U, he does not offer any information at all about the context. But, even if Williams has successfully pleaded that the defendants did not articulate a reason for punishing him, he has not pleaded specific facts supporting his assertion that the defendants were retaliating against him because of his decision to sue their colleagues.

Williams also alleges that he was denied access to the prison yard because he was "not on the list." Complaint at 4. Williams does not allege that he was or should have been on the list and was removed in retaliation for his protected activities. And Williams's absence from the list is a legitimate reason for denying him access to the yard. In addition, Williams suggests that one defendant

-8-

threw away Williams's yard identification card on several occasions, but the complaint does not point to any connection to his prior litigation, let alone support a plausibility that retaliatory motives were the "but for" cause.

Lastly, Williams alleges that his case manager refused to accept his outgoing legal mail and defaced a related form. But Williams does not name this case manager as a defendant.[1] Because, as the district court has done, we interpret this action as a suit against each defendant in his individual capacity, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), we cannot hold any named defendant accountable for the case manager's actions or use those actions to infer any information about the named defendants' motives.

As a result, we find that Williams has failed to plead facts supporting the plausibility that a desire to retaliate against Williams for prior litigation motivated the defendants' actions.

---

[1] Before the district court, Williams sought to add the case manager as a named defendant. The magistrate judge denied Williams's motion because he had failed to file a proper proposed amended complaint in violation of Local Civil Rule 9.2(c). Because Williams's only mention of this decision is a perfunctory reference to it in his reply brief, he did not properly appeal it. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("We routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."); *see also Murrell v. Shalala*, 43 F.3d 1388, 1390 n.2 (10th Cir. 1994) ("Perfunctory complaints fail to frame and develop an issue sufficient to invoke appellate review.").

***B. Frivolousness***

A prisoner who has thrice filed an action dismissed on "the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" may no longer proceed *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C § 1915(g)**.**

In affirming the district court's decision, we uphold the imposition of a strike for the purposes of 28 U.S.C. § 1915(g). That strike is Williams's third, and, as a result, he will be barred from filing *in forma pauperis* as set forth in the statute. Not only do we affirm the characterization of the claims as frivolous, we also find this appeal frivolous. As a result, we assess a fourth strike. *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

# III. Conclusion

Finding that Williams's complaint fails to state a claim upon which relief can be granted and exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM the district court's dismissal of his suit. In addition, we AFFIRM the district court's finding that the suit was frivolous and also find this appeal to be frivolous for the purposes of imposing a third and a fourth strike under 28 U.S.C. § 1915(g). Accordingly, Williams's motion to proceed on appeal *in forma pauperis* is DENIED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and we order him

to pay the full amount of the filing fee.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge