**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 19, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAHAD ALI,

      Plaintiff - Appellant,

v.

MICHELE WINGERT;
BERNADETTE SCOTT,

      Defendants - Appellees.

No. 14-1015
(D.C. No. 1:12-CV-02027-REB-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

---

Jahad Ali entered prison as Tracy Spencer. While serving his sentence, he changed his name for religious reasons. Although his prison agreed to recognize Mr. Ali's religious name years ago, he complains about problems he's had using that name when sending and receiving mail — and he accuses a handful of prison officials of infringing his constitutional and federal statutory rights. The district

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court dismissed several of the defendants from the case early on. More recently, the court held that the last remaining defendants, mail room supervisors Michele Wingert and Bernadette Scott, weren't liable either. Now Mr. Ali seeks to undo this last conclusion on appeal.

Mr. Ali begins by contending that the defendants have violated his rights under the Religious Land Use and Institutionalized Persons Act. To initiate the process of establishing a claim under that statute, a plaintiff must allege facts suggesting that his sincere religious exercise has been substantially burdened by prison policy. 42 U.S.C. §§ 2000cc-1(a); 2000cc-2(b). A burden can count as substantial if it prohibits the prisoner taking actions motivated by sincerely held religious beliefs — or if it requires or places considerable pressure on the prisoner to do something his sincerely held religious beliefs forbid. *Yellowbear v. Lampert*, 741 F.3d 48, 55 (10th Cir. 2014).

Mr. Ali's complaint fails to allege so much. In places, the complaint suggests that the prison forbids Mr. Ali from using his religious name on mail — and that this is the gravamen of his complaint. Indeed, the title of the relevant claim in his complaint reads: "The SCF mail room's refusal to permit the plaintiff to send and receive mail under Jahad Ali violates his right to freely exercise his religious beliefs." R. at 35. Yet, Mr. Ali himself elsewhere concedes that the prison *doesn't* actually forbid the use of his religious name. Instead, he simply has to include his committed name alongside his religious name. R. at 34.

So even if we were to agree with Mr. Ali that it might be a substantial burden on his religious exercise to forbid him to use his religious name on his mail, his own pleading makes plain that no such burden exists.

We suppose it's possible the prison's modest requirement that both names appear could itself be enough to qualify as a substantial burden under RLUIPA — if, say, a prisoner's sincerely held religious beliefs forbade *any* mention of a former name. But even affording the liberality due a *pro se* litigant, we don't see this allegation clearly made in claim 2 of Mr. Ali's complaint. And even if we could strain to find so much, we don't see any well-pleaded facts suggesting Mr. Ali's religious beliefs extend so far. For example, Mr. Ali summarily asserts that his spiritual experience is "heightened" by using his religious name and that he finds his old name "offensive." R. at 35. But under prison policy, again, there's nothing prohibiting him from using his religious name. Neither does Mr. Ali plead facts suggesting how or why his religious beliefs might be burdened by having to write both names on the outside of envelopes. It might be "offensive" to him, but he does not tell us how or why it burdens his religious exercise. Federal courts certainly are not arbiters of religious scripture or dogma, but to establish a RLUIPA claim they do require from the claimant some *well-pleaded facts* suggesting a substantial burden on a sincere religious exercise. And that much we simply don't have here. *See generally Mutawakkil v. Huibregtse*, 735 F.3d 524, 527 (7th Cir. 2013) ("[Plaintiff] says that it would be preferable (from

his perspective) if he were allowed to use just his spiritual name . . . but preference or convenience is not the standard."); *United States v. Quaintance*, 608 F.3d 717, 720-23 (10th Cir. 2010) (RLUIPA requires courts to protect against only burdens on sincere religious exercises, not personal offenses). Further, because Mr. Ali hasn't alleged that the prison's policy is anything but neutral toward religion and generally applicable, we don't see how his religious liberty argument might fare any better under the First Amendment's free exercise guarantee than it does under RLUIPA. *See Emp't Div. v. Smith*, 494 U.S. 872 (1990).

Beyond his religious liberty claims, Mr. Ali argues that by refusing to process mail bearing only his religious name the prison has interfered with his constitutional right to access the courts. In particular, Mr. Ali claims that the prison's mail policy limited his ability to obtain discovery in an earlier breach of contract case heard in state court. Mr. Ali's aim in that case was to hold the prison to its earlier pledge to recognize his religious name. But Mr. Ali doesn't allege that he was kept from discovering evidence that might have changed the outcome of that case, which ended with the state court's conclusion that the terms of the parties' contract in fact didn't assure Mr. Ali he could use *only* his religious name. Neither does Mr. Ali allege that the prison's mail policy caused him to miss any of the court's deadlines. And, as the magistrate judge in this case observed upon consulting the publicly available state court records, even with the

two-name policy Mr. Ali succeeded in submitting more than a few filings to the state court during the relevant time period. R. at 210. Because he hasn't sufficiently alleged any actual injury or prejudice from the prison's mail policy, Mr. Ali's access to the courts claim can't succeed. *See, e.g.*, *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998) ("To present a viable claim for denial of access to courts . . . an inmate must allege and prove prejudice arising from the defendants' actions."); *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (ignoring allegations "too conclusory to present a plausible claim that [the prisoner] was impeded in his effort to pursue a nonfrivolous legal claim").

Mr. Ali's third contention is that the defendants impermissibly decided to enforce the mail policy in retaliation for his efforts to vindicate his constitutional rights in court. Mr. Ali doesn't dispute that to state such a claim, he must plead facts plausibly suggesting that the defendants' enforcement of the policy was substantially motivated by an intent to retaliate and that this retaliatory motive was a "but for" cause of the defendants' actions. *Peterson*, 149 F.3d at 1144; *Williams v. Taylor*, No. 13-7066, 2014 WL 1363993, at *3 (10th Cir. Apr. 8, 2014). But here again Mr. Ali's complaint comes up short, offering no facts that even hint at a retaliatory motive on the defendants' part or "but for" causation. In fact, the complaint says the prison began enforcing its two-name policy in 2009, over a year before he filed the state court lawsuit that he suggests provoked the defendants' retaliatory animus. R. at 33, 36. A retaliation claimant can't

- 5 -

establish the causal connection required for his claim with allegations that the adverse actions against him preceded his protected activity. *See, e.g.*, *Lawrence v. Sch. Dist. No. 1*, No. 13-1157, 2014 WL 1259588, at \*1 (10th Cir. Mar. 28, 2014).

The judgment of the district court is affirmed. Mr. Ali receives one strike under the Prison Litigation Reform Act because the district court dismissed Mr. Ali's complaint for failure to state a claim on which relief can be granted and because we affirm that dismissal but don't find the appeal frivolous. 28 U.S.C. § 1915(g); *Childs v. Miller*, 713 F.3d 1262, 1266 (10th Cir. 2013); *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) (dismissal of complaint yields one strike when followed by simple affirmance but two strikes when appeal is dismissed as frivolous). We grant Mr. Ali's motion to proceed *in forma pauperis* and remind him he must continue making partial payments until the filing fees he owes are paid in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge