FILED
United States Court of Appeals
Tenth Circuit

August 14, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ARTURO TORRES,

    Plaintiff - Appellant,

v.

TIMOTHY GARNER, Deputy District
Attorney; GEORGE ZSOKA, Deputy
District Attorney; STATE OF NEW
MEXICO,

    Defendants - Appellees.

No. 15-2065
(D.C. No. 1:14-CV-00977-MCA-GBW)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Arturo Torres, a New Mexico state prisoner proceeding pro se,[1] appeals the

district court's dismissal of his 42 U.S.C. § 1983 claim against individual defendants

and the State of New Mexico. Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Torres' pro se filings liberally. See Hall v. Bellmon, 935 F.2d
1106, 1110 (10th Cir. 1991).

**I**

Torres sued two New Mexico prosecutors and the State of New Mexico for allegedly violating his rights under the Fourth and Fourteenth Amendments. Before the district court, he argued that prosecutors improperly enhanced his sentence based on prior violent felonies that he did not commit. The district court dismissed his claims sua sponte pursuant to 28 U.S.C. § 1915(e)(2). Specifically, the district court dismissed the claim against the individual defendants because Torres failed to allege that their actions were taken outside the scope of initiating a prosecution and presenting the state's case. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983"). The claim against New Mexico was dismissed because § 1983 creates no remedy against a state. See Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997). Torres timely appealed.

**II**

We review de novo a district court's dismissal of a complaint under § 1915 for failure to state a claim. Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

On appeal, Torres claims that the prosecutors took action "outside the state[']s prosecution of the criminal proceedings" against him because the prosecutors violated state law. But aside from a bald reference to a New Mexico sentencing statute, N.M. Stat. § 31-18-15, and a claim that the state failed to provide him notice that it intended to increase his sentence, he fails to offer any substantive argument to

support this assertion. He does not allege with specificity how the prosecutors were involved in his allegedly illegal sentencing, how the New Mexico sentencing statute was violated, or why such a violation would permit liability under § 1983. The prosecutors are accordingly immune from suit. See Imbler, 424 U.S. 430-31.

Even construing his pro se arguments liberally, Torres mounts no reasoned challenge to the district court's holding that § 1983 creates no remedy against the state of New Mexico. See Arizonans for Official English, 520 U.S. at 69.

### III

Because Torres fails to state a claim, we **AFFIRM.** The district court's dismissal of the underlying complaint counts as a strike against Torres under § 1915(g) and our decision to affirm counts as an additional strike. See Childs v. Miller, 713 F.3d 1262, 1266 (10th Cir. 2013). We remind Torres that if he accrues three strikes, he may no longer proceed in forma pauperis in any civil action filed in federal court unless he is in imminent danger of physical injury. § 1915(g).

In order to succeed on his motion for leave to proceed in forma pauperis, Torres must "show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991). Because Torres does not show a reasoned nonfrivolous argument on the law or facts in support of the issues raised on appeal, his motion for leave to proceed in forma pauperis is **DENIED**, and we direct him to make full payment of the appellate

filing fee immediately.

Entered for the Court


Carlos F. Lucero
Circuit Judge