FILED
United States Court of Appeals
Tenth Circuit

April 8, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

THOMAS FAIRBANKS,

    Plaintiff - Appellant,

v.

ROBERT O. LAMPERT, Wyoming
Department of Corrections Director;
STEVE HARGETT, Wyoming Department
of Corrections Medium Correctional
Institution Warden; CORIZON HEALTH
SERVICES, INC.; DR. KURT JOHNSON,
Corizon Health Services, Inc. Regional
Manager; DR. WHITE, Corizon Health
Services, Inc. medical provider; NURSE
PRACTITIONER  HOLCUMB, Corizon
Health Services, Inc. medical provider;
NURSE  LIGGETT, Corizon Health
Services, Inc. medical provider; NURSE
HANSON, Corizon Health Services, Inc.
medical provider; NURSE  BARRON,
Corizon Health Services, Inc. medical
provider,

    Defendants - Appellees.

|  |  |
|---|---|
| | No. 15-8100 |
| | (D.C. No. 2:14-CV-00244-SWS) |
| | (D. Wyo.) |

_____

**ORDER AND JUDGMENT**[*]
_____

--------------------

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BRISCOE**, **LUCERO**, and **McHUGH**, Circuit Judges.

_____

Thomas Fairbanks, a state prisoner proceeding pro se, appeals from a district court order dismissing his 42 U.S.C. § 1983 claims against two Wyoming Department of Corrections officials ("state defendants") and the healthcare provider for Wyoming prisoners, Corizon Health, Inc., along with several of its employees ("Corizon defendants").  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In his complaint, Fairbanks alleges that the defendants acted with deliberate indifference to his medical needs in violation of the Eighth Amendment.  He contends he did not receive adequate treatment for his elbow, back, and nerve pain despite numerous requests.  Both groups of defendants filed motions to dismiss.  The state defendants argued that Fairbanks did not identify any action that violated his rights.  The Corizon defendants argued that Fairbanks' allegations amounted to a disagreement with the treatment he was provided and thus were insufficient to state a claim for relief.  The district court dismissed the complaint, finding that Fairbanks failed to state a claim for relief against any defendant.  We agree.

"We review de novo the dismissal of a complaint for failure to state a claim under Rule 12(b)(6)."  Childs v. Miller, 713 F.3d 1262, 1264 (10th Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted).  We construe liberally the allegations in a pro se complaint, but we will not supply additional factual allegations

or construct legal theories on behalf of a pro se party. Smith v. United States, 561 F.3d 1090, 1096 (10th Cir. 2009).

Although Fairbanks cites the Fifth, Eighth, and Fourteenth Amendments as the bases for his claims, his allegations of inadequate medical service are most suitably analyzed under the Eighth Amendment, which prohibits prison officials from acting with "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "The test for deliberate indifference is both objective and subjective." Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009). The subjective prong requires a plaintiff to "show that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." Id. at 1089. However, an inadvertent failure to provide adequate medical care—even if it rises to the level of medical malpractice—does not necessarily amount to a constitutional violation. Estelle, 429 U.S. at 105-06; Martinez, 563 F.3d at 1088. Because we conclude infra that Fairbanks has failed to satisfy the subjective prong, we do not consider whether he has satisfied the objective prong.

Fairbanks does not allege facts sufficient to demonstrate that any defendant knowingly disregarded a substantial risk of harm. Fairbanks' complaint does not make any factual allegations against one state defendant. As to the other, the complaint alleges he was aware of the prison's poor quality medical treatment merely because Fairbanks tried to speak to him about it, but prison officials prevented Fairbanks from doing so. Fairbanks thus failed to allege that the state defendants

3

were aware of his complaints of pain or of any risk therefrom, much less that they demonstrated deliberate indifference to that risk.

As to the Corizon defendants, the complaint alleges that in response to Fairbanks' complaints about pain and other symptoms, he was seen by doctors and nurses on several occasions. X-rays were taken of his back and a number of treatment options were pursued, including various pain medications, an elbow brace, stretching exercises, and treatment for a vitamin D deficiency. Although Fairbanks alleged that these efforts were unsuccessful and that he continued to have excruciating pain, his allegations do not show that the Corizon defendants were indifferent to his medical needs. Rather, the complaint shows that they took a variety of measures to address his complaints. Even if he would have liked different pain medication, an MRI, and a job change, Fairbanks makes no showing that the measures pursued were unreasonable. Mere disagreement about the type of medical care provided does not amount to a violation of the Eighth Amendment. Callahan v. Poppell, 471 F.3d 1155, 1160 (10th Cir. 2006) (prisoners do not have an Eighth Amendment right to a particular course of treatment).

Fairbanks also seeks leave to proceed in forma pauperis ("IFP"). To qualify for IFP status, an appellant "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991). We conclude that Fairbanks' argument is wholly frivolous. We thus deny IFP status.

4

The judgment of the district court is **AFFIRMED**.  Fairbanks' motion to proceed IFP is **DENIED**, and he has now accumulated two "strikes" under 28 U.S.C. § 1915(g).

Entered for the Court


Carlos F. Lucero
Circuit Judge