FILED
United States Court of Appeals
Tenth Circuit

April 23, 2013

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

TERRY LEE CHILDS,

     Plaintiff-Appellant,

v.

DAVID MILLER; BILL GIBSON;
M. HALVORSON, RN/Health Services
Administrator; GREGSTON, Doctor;
DR. CARNES; S. STOUFFER, LPN;
BROWN, Nurse's Aid; HANNAH,
Security Officer,

     Defendants-Appellees.

No. 12-6075

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 5:10-CV-00439-HE)**

---

Submitted on the briefs:[*]

Terry Lee Childs, Pro se.

Don G. Pope, Don G. Pope & Associates, P.C., Norman, Oklahoma, for
Defendants-Appellees.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Before **BRISCOE**, Chief Judge, **HOLLOWAY**, Senior Circuit Judge, and **TYMKOVICH**, Circuit Judge.

---

**BRISCOE**, Circuit Judge.

---

Terry Lee Childs is a prisoner of the State of Oklahoma appearing pro se. He appeals from the district court's dismissal of his civil rights case filed under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291.

## I. Background

Mr. Childs is currently housed at the James Crabtree Correctional Center (JCCC) in Helena, Oklahoma, but he was formerly housed at the Lawton Correctional Facility (LCF) in Lawton. Mr. Childs filed this civil rights complaint under 42 U.S.C. § 1983, asserting that defendants, who were all employees of LCF, violated state and federal law by delaying the refilling of his asthma medication prescription in May 2008 in retaliation against him for exercising his federal constitutional right to file administrative grievances about his medical care. Defendants moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or, in the alternative, for summary judgment under Fed. R. Civ. P. 56(a). The magistrate judge recommended that defendants' motion to dismiss be granted with respect to Mr. Childs' two state-law claims. But the magistrate judge concluded that Mr. Childs' federal claim for retaliation for exercising his First Amendment rights was not conclusory and recommended that it

be allowed to proceed. Mr. Childs filed objections to the recommendation, as did defendants.

Exercising de novo review, the district court disagreed with the magistrate judge's recommendation as to the federal claim and, on August 29, 2011, entered an order granting defendants' motion to dismiss under Rule 12(b)(6) as to all three claims. The court concluded that Mr. Childs had failed to sufficiently allege each defendant's participation in the alleged retaliation, but the court granted Mr. Childs thirty days in which to amend his complaint to correct the deficiencies in his purported federal claim, if he could.

The district court ultimately granted Mr. Childs four extensions of time to file his amended complaint, but gave him a final deadline of February 1, 2012, and warned him not to expect any further extensions of time. On February 9, 2012, Mr. Childs filed an untimely proposed amended complaint and requested a fifth extension of time. Defendants opposed the motion. The district court determined that Mr. Childs had failed to correct the defects in his existing retaliation claim and had also added a new claim (without leave of court) based on seventeen pages of new factual allegations. The court denied Mr. Childs' motion for a fifth extension of time and his motion to file his proposed amended complaint, and entered a judgment of dismissal. Mr. Childs appeals the dismissal of his original complaint.

II.  Issues on Appeal and Discussion

We review de novo the dismissal of a complaint for failure to state a claim under Rule 12(b)(6).  *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010).  Because Mr. Childs appears pro se, we construe his pleadings liberally.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  He argues that the district court erred by:  (1) dismissing his complaint; and (2) not adopting the magistrate judge's recommendation to allow his federal retaliation claim to proceed as alleged.

We have carefully reviewed the parties' briefs in light of the record and the governing law.  We find no error and affirm for substantially the reasons stated by the district court in its August 29, 2011, and February 17, 2012, orders dismissing the complaint.

III.  "Strikes" under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g)

"Congress enacted the Prison Litigation Reform Act of 1995 (PLRA) . . . in 1996 in the wake of a sharp rise in prisoner litigation in the federal courts. . . ." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  "The PLRA contains a variety of provisions designed to bring this litigation under control."  *Id.*  One of these provisions is 28 U.S.C. § 1915(g), which Congress added "to revoke, with limited exception, *in forma pauperis* privileges for any prisoner who has filed three or more lawsuits that fail to state a claim, or are malicious or frivolous."  *Skinner v. Switzer*, 131 S. Ct. 1289, 1299-1300 (2011).

- 4 -

"Under the PLRA, prisoners obtain a 'strike' against them for purposes of future ifp eligibility when their 'action or appeal in a court of the United States . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . .'" *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011) (quoting § 1915(g)) (alteration in original). "[T]he 'three strikes' provision of the ifp statute applicable to indigent prisoners[ ] requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Id.* (internal quotation marks omitted).

Beginning in August 1993, Mr. Childs has filed several civil rights cases in two district courts. As we explained in *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996), we "must consider cases dismissed prior to the effective date of § 1915(g) in determining whether the criteria for dismissal under § 1915(g) have been satisfied." *Garcia v. Silbert*, 141 F.3d 1415, 1417 (10th Cir. 1998). Accordingly, we have reviewed all of Mr. Childs' past cases for dismissals qualifying as strikes, even though some of the cases were filed and adjudicated before PLRA was enacted into law in 1996. We conclude that Mr. Childs had two clear strikes under Tenth Circuit law before he filed the current appeal in this court.

Mr. Childs' first strike results from the dismissal in *Childs v. Deboe*, D.C. No. 5:1993-cv-02138 (W.D. Okla.), a civil rights case he filed on December 2, 1993, while he was a prisoner of the State of Oklahoma. The magistrate judge recommended that the complaint be dismissed prior to service as "duplic[ative],

frivolous, and an abuse of judicial process." *Id.*, Doc. 6, at 3. The district court adopted the recommendation and dismissed the complaint as "repetitive and an abuse of process." *Id.*, Doc. 9, at 1-2. Mr. Childs did not appeal. As explained below, this dismissal counts as a strike under Tenth Circuit law.

When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process. *See Werner v. Utah*, 32 F.3d 1446, 1447, 1449 (10th Cir. 1994). "[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks omitted) (first alteration in original). "The unnecessary burden placed upon the judicial process in adjudicating these frivolous and malicious lawsuits is obvious." *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986). "[T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. . . . No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam).

Congress sought to curtail prisoner "abuse of the federal judicial system" by amending the fee requirements of § 1915 in PLRA. *Roller v. Gunn*, 107 F.3d 227, 234 (4th Cir. 1997). We conclude that the dismissal of a complaint as repetitive and an abuse of process constitutes a strike under § 1915(g), regardless of whether the district court used the words "frivolous" or "malicious." *See Rivera v. Allin*,

144 F.3d 719, 731 (11th Cir. 1998) (holding that "[a]lthough the district court may not have uttered the words 'frivolous' or 'malicious,'" a case dismissed for abuse of the judicial process, "is precisely the type of strike that Congress envisioned when drafting section 1915(g)"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Duvall v. Miller*, 122 F.3d 489, 490 (7th Cir. 1997) (noting that "[t]he prisoner who has brought three suits or appeals that lacked sufficient merit to get beyond the pleadings[—]or that were an outright abuse of process[—]is not an appealing candidate for a waiver of the filing fee in his fourth through nth cases, even if he paid for the previous suits").

The dismissal of Mr. Childs' complaint in *Deboe* was entered on the district court docket on January 18, 1994, *see* D.C. No. 5:1993-cv-02138, Doc. 9, but the court failed to file a judgment on a separate document as required by Fed. R. Civ. P. 58. Because Mr. Childs did not appeal, and because he had named only state officials as defendants, the strike ripened to be counted against his eligibility to proceed ifp in other civil actions or appeals on May 30, 2003. *See Strope v. Cummings*, 653 F.3d 1271, 1275-76 (10th Cir. 2011) (discussing the effect of the December 1, 2002, revision to the separate document rule in Rule 58 on the ripening of a strike); Fed. R. App. P. 4(a)(1)(A).

Mr. Childs' second strike results from the dismissal in *Abshier v. Oklahoma County Commissoners*, D.C. No. 5:1996-cv-02075 (W.D. Okla.), a civil rights suit filed on December 13, 1996, while Mr. Childs was a prisoner of the State of

Oklahoma. He was a co-plaintiff in this suit. *See id.*, Doc. 1. The magistrate judge recommended that the complaint be dismissed prior to service under 28 U.S.C. § 1915A as "frivolous and malicious" because the complaint duplicated issues raised by each of the plaintiffs in separate pending actions. *Id.*, Doc. 3, at 1-3. The district court adopted the recommendation "as though fully set forth herein" and dismissed the complaint. *Id.*, Doc. 10, at 2. The dismissal was entered on the docket on April 1, 1997, *see id.*, but the court failed to enter a judgment on a separate document. Because Mr. Childs did not appeal, and because he had named only state officials as defendants, this strike ripened to be counted against his eligibility to proceed ifp in other civil actions or appeals on May 30, 2003. *See Strope,* 653 F.3d at 1275-76; Fed. R. App. P. 4(a)(1)(A).

Mr. Childs' third strike arises from our decision to affirm in this appeal today. The district court's dismissal for failure to state a claim under Rule 12(b)(6) satisfies the plain text of § 1915(g) and therefore will count as a strike. *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011), *cert .denied* 132 S. Ct. 2777 (2012); *Thompson v. DEA*, 492 F.3d 428, 438 (D.C. Cir. 2007). In this circuit, it is immaterial to the strikes analysis that the dismissal was without prejudice. *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (per curiam). This third strike will ripen to be counted against Mr. Childs' eligibility to proceed ifp in other civil actions or appeals in federal court when the appellate process has been completed, either by the Supreme Court's denial or dismissal of a petition for

certiorari, if Mr. Childs files one, or when the time to file a petition for certiorari has expired, if he does not. *See Hafed*, 635 F.3d at 1175; *see also* S. Ct. R. 13.1 (providing ninety days from entry of court of appeals' judgment to file petition for certiorari).

## IV.  Conclusion

The judgment of the district court is affirmed.  Mr. Childs has accumulated three strikes under 28 U.S.C. § 1915(g).  As soon as the appellate process in No. 12-6075 has been completed, he will be barred from proceeding ifp in future civil actions or appeals in federal court unless he is "under imminent danger of serious physical injury," § 1915(g), and he makes "specific [and] credible allegations" to that effect.  *Kinnell v. Graves*, 265 F.3d 1125, 1127-28 (10th Cir. 2001).  Mr. Childs is reminded to continue making payments until the filing fee is paid in full.[1]

---

[1]     In Mr. Childs' other appeal, No. 12-6184, *Childs v. GEO Group, Inc.*, we reversed and remanded with directions for the district court to divide the $455.00 fee payment received on May 18, 2012, between his appeal in No. 12-6075 and his district court case underlying No. 12-6184, as intended and ordered by the district court.  After the $350.00 filing fee has been transferred from the appeal in No. 12-6075 to the district court case underlying No. 12-6184, Mr. Childs will become obligated to resume making payments toward the filing fee in No. 12-6075 until it has been paid in full.