FILED
United States Court of Appeals
Tenth Circuit

November 26, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WALLACE GILBERT-MITCHELL, JR,

     Plaintiff - Appellant,

v.

DAVID V. ALLRED, in his personal and
professional capacities; H. NEWCOMB,
in his personal and professional
capacities; MS. INOUYE, in her personal
and professional capacities; J.
RODRIGUES, in his personal and
professional capacities; ROBERT
LEGGITT, in his personal and
professional capacities; THERESA
MONTOYA, in her personal and
professional capacities; MS.
MCDERMOTT, in her personal and
professional capacities,

     Defendant - Appellees.

No. 13-1308
(D.C. No. 1:12-CV-01997-RM-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and

Continued . . .

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Wallace Gilbert-Mitchell, a federal prisoner proceeding pro se, appeals a district court order that dismissed his complaint as a sanction for his misuse of the judicial process.[1] Because the district court did not abuse its discretion by dismissing Gilbert-Mitchell's complaint, we exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

**I**

On July 30, 2012, Gilbert-Mitchell filed a pro se complaint alleging that several employees at the United States Prison in Florence, Colorado, had violated his constitutional rights. Gilbert-Mitchell alleges that prison officials knowingly denied him medical treatment, fed him meals containing known allergens, obstructed his religious observances, and subjected him to a variety of other misconduct that violated his First, Fourth, Fifth, and Eighth Amendment rights. Although neither the Bureau of Prisons nor its personnel were served as defendants, the Bureau of Prisons nevertheless filed a motion asking the court to reconsider its order granting Gilbert-Mitchell leave to proceed in

collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Gilbert-Mitchell is proceeding pro se, we construe his filings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

forma pauperis, because he concealed his prior lawsuits and his "three-strikes" status as a repeat filer under the Prison Litigation Reform Act ("PLRA"). In view of these allegations, the district court dismissed Gilbert-Mitchell's complaint for misuse of the judicial process and revoked his in forma pauperis status. Gilbert-Mitchell appealed.

## II

Dismissal is an appropriate sanction for abuses of the judicial process. Chavez v. City of Albuquerque, 402 F.3d 1039, 1044-45 (10th Cir. 2005); see also Childs v. Miller, 713 F.3d 1262, 1265 (10th Cir. 2013) (discussing dismissal of a complaint for abuse of judicial process). We review a district court's sanctions that dismiss a claim for abuse of discretion. Chavez, 402 F.3d at 1044.

There is no indication that the district court abused its discretion in this case. It found that Gilbert-Mitchell deliberately attempted to circumvent the filing requirements of the PLRA by filing cases under aliases without disclosing his "three strikes" status. On appeal, Gilbert-Mitchell contends that dismissal was inappropriate because he attempted to notify the court of his previous lawsuits in an amended complaint, which he avers never reached the court because defendants thwarted his attempts to mail it. But Gilbert-Mitchell does not challenge the district court's factual finding that he has filed more than three prior lawsuits, and his own filings evidence at least six previous cases. Gilbert-Mitchell's initial complaint failed to disclose these previous filings, mention his "three-strikes" status, include his prisoner identification number, or use the same name he

used in his previous filings. These deficiencies provide ample basis for the district court's decision. Accordingly, the district court did not abuse its discretion by dismissing Gilbert-Mitchell's complaint as a sanction for abusing the judicial process by attempting to circumvent the PLRA.

### III

For the foregoing reasons, the judgment of the district court is **AFFIRMED**. All pending motions are **DENIED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge