**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

M. EUGENE GIBBS-SQUIRES;
BARBARA A. GIBBS,

      Plaintiffs – Appellants,

v.

URBAN SETTLEMENT SERVICES,
d/b/a Urban Lending Solutions; THE
KORN LAW FIRM, P.A.; BENJAMIN D.
MOORE; DOES 3–5; BANK OF
AMERICA N.A.; NATIONSTAR
MORTGAGE,

      Defendants – Appellees,

and

SPECIALIZED LOAN SERVICES,

      Defendant.

No. 15-1044
(D.C. No. 1:14-CV-00488-MSK-CBS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of

_____

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Pro se Plaintiffs Eugene Gibbs-Squires and Barbara Gibbs, a married couple, appeal the district court's dismissal of a lawsuit they brought under the Racketeer Influenced and Corrupt Organizations Act (RICO). Plaintiffs applied to Bank of America (BOA) for a modification of their home loan in 2009 under the Home Affordable Modification Program (HAMP) recently created by Congress. Plaintiffs contend they were repeatedly transferred between BOA employees, told that their application was incomplete despite providing all requested documents, and ultimately denied a loan modification. In 2012 BOA sold Plaintiffs' mortgage to Nationstar and/or Specialized Loan Services before a determination had been made on Plaintiffs' request for reconsideration of their modification denial.

Plaintiffs, residents of South Carolina, filed a complaint with the United States District Court for the District of Colorado in which they alleged that Defendants Bank of America, Nationstar, Specialized Loan Services, and Urban Settlement Services, LLC violated the RICO Act by repeatedly using mail and wire to knowingly give false information to Plaintiffs as part of a greater scheme to issue as few HAMP loan modifications as possible. This was presumably because, although the U.S. Department of the Treasury required BOA to participate in HAMP, BOA found HAMP modifications unprofitable or administratively complex.

Shortly thereafter, Plaintiffs filed an amended complaint which added as defendants Korn Law Firm, P.A., Nationstar's counsel, as well as Benjamin D.

2

Moore, a court official in South Carolina who apparently presided over foreclosure proceedings on Plaintiffs' home. The amended complaint also included numerous other causes of action against all Defendants, whom Plaintiffs refer to collectively as "the HAMP-less gang"[1]. Separately, Mr. Gibbs-Squires filed a variety of motions seeking, among other things, an injunction against further foreclosure proceedings, sanctions against various Defendants, and leave to amend the complaint.

Several Defendants filed motions to dismiss. Mr. Moore filed a motion seeking dismissal for lack of personal jurisdiction, improper venue, insufficiency of process, and failure to state a claim under Fed. R. Civ. P. 12(b)(2) and 12(b)(6). BOA and Nationstar moved to dismiss the claims for lack of personal jurisdiction and for failure to state a claim under Rule 12(b)(2) and 12(b)(6). Urban moved to dismiss for failure to state a claim under Rule 12(b)(6).

The district court referred the various motions to a magistrate judge, who issued a Recommendation on the motions. The magistrate judge first addressed the Colorado court's jurisdiction over the Defendants not domiciled in Colorado (Mr. Moore, BOA, and Nationstar). When a RICO claim is brought against at least one

---

[1] These additional causes of action are (1) a claim under the Equal Credit Opportunity Act, 15 U.S.C. § 1691(e); (2) a claim under California's Consumer Legal Remedies Act, Cal. Civ. §§ 1750 *et seq.*; (3) a claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; (4) breach of contract; (5) breach of the implied covenant of good faith and fair dealing; (6) promissory estoppel; (7) fraudulent misrepresentation; (8) unjust enrichment and a demand for restitution; (9) claims under 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, and 1988 alleging that Defendants' actions targeted African Americans as a group; and (10) a claim invoking various provisions of the RICO Act, largely repeating the original complaint and further alleging violations of the Hobbs Act, 18 U.S.C. § 1951 including illegally foreclosing on homes.

defendant over whom a court has personal jurisdiction, the RICO Act permits any summons to be served nationwide over other defendants, subjecting them to the court's jurisdiction if required by the ends of justice. *See Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1231 (10th Cir. 2006). However, the magistrate judge found that neither personal jurisdiction nor the nationwide jurisdiction provided for under the RICO Act existed over Mr. Moore, BOA, and Nationstar because Plaintiffs failed to adequately plead the essential elements of a RICO enterprise or a pattern of racketeering activity against Urban, the sole Colorado domiciliary. As for Plaintiffs' other claims, the magistrate judge found the pleadings failed to satisfy Fed. R. Civ. P. 8's requirement of a "short and plain statement" of the pertinent facts and relief requested, and recommended that all Defendants' motions to dismiss be granted.

Plaintiffs filed an objection to the Recommendation, and on review, the district court adopted nearly all of the magistrate judge's Recommendation regarding jurisdiction, but found the complaint sufficiently alleged that BOA entered into an agreement with Urban, a Colorado domiciliary, and directed it to participate in the HAMP-avoidance scheme in various ways from Urban's Colorado office. The court accordingly ruled that BOA could not be dismissed at that stage for lack of traditional personal jurisdiction, but dismissed all claims against Defendants Mr. Moore and Nationstar.

The district court declined to dismiss the remaining claims against BOA and Urban based on Fed. R. Civ. P. 8, as the magistrate judge recommended, but instead reviewed them on their merits and found that Plaintiffs failed to state any valid

4

claims under either RICO or the ten other statutory and common law claims against BOA and Urban.

Finally, the district court denied Plaintiffs' second request to amend their complaint as futile because Plaintiffs' proposed second amended complaint failed to substantively add to existing arguments or properly include new ones.[2] Plaintiffs then appealed all adverse decisions in their case to this court.

We review dismissals for failure to state a claim under Fed. R. Civ. P 12(b)(6) or for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) de novo. *Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013) (failure to state a claim); *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008) (lack of personal jurisdiction). We review denials of motions for leave to amend for abuse of discretion. *Hertz v. Luzenac Grp.*, 576 F.3d 1103, 1117 (10th Cir. 2009).

First, we hold that the district court properly dismissed all claims against Defendants Mr. Moore and Nationstar. Neither Defendant would ordinarily be subject to the jurisdiction of a court in Colorado, a state with which neither has significant ties, and we agree with the district court that Plaintiffs failed to assert jurisdiction over them through an adequately pled RICO claim. *See Cory*, 468 F.3d at 1231 (permitting nationwide jurisdiction against all defendants jointly sued under the RICO Act when at least one defendant is properly before the court). Plaintiffs

---

[2] The court did allow the inclusion of a factual admission from the second amended complaint to be incorporated into the original complaint, but this had no effect on the court's conclusion that the proposed amendment as a whole was futile and should be denied.

5

claim that mail and/or wire fraud satisfy the predicate "pattern of racketeering activity" element necessary for a RICO claim. *Bixler v. Foster*, 596 F.3d 751, 760-61 (10th Cir. 2010). However, even taking all Plaintiffs' allegations as true, the activity Plaintiffs accuse BOA and its affiliates of does not, as a matter of law, constitute fraud. Plaintiffs desire for a HAMP modification did not provide them with a protected property interest that they were legally defrauded of under RICO. *See Edwards v. Aurora Lona Services, LLC*, 791 F. Supp. 2d 144, 154-55 (D.D.C. 2011) (reviewing cases holding that HAMP modifications cannot be a protected property interest because the U.S. Department of the Treasury can alter or end the HAMP program at any time).

We also hold that the district court properly dismissed all statutory and common-law claims against BOA and Urban. In addition to the RICO claim discussed above, the district court addressed, at length, each of Plaintiffs' claims and found each failed as a matter of law. We need not repeat its analysis here, but we have reviewed and agree with each of the district court's rulings.

Finally, we hold the district court acted within its discretion to deny Plaintiffs' motion to amend because the proposed amendments added no new information to assist the court in its analysis of the existing claims and did not demonstrate an entitlement to relief. *See Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999) (holding that denial of leave to amend is appropriate when the proposed amendment would be futile).

6

For the reasons given above as well as those articulated by the district court, we **AFFIRM** the district court's dismissal of each of Plaintiffs' claims and denial of Plaintiffs' second Motion for Leave to Amend.


Entered for the Court


Monroe G. McKay
Circuit Judge