FILED
United States Court of Appeals
Tenth Circuit

December 16, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EDWARD AMADOR; WAYNE WILKE,

     Plaintiffs - Appellants,

v.

BOILERMAKER-BLACKSMITH
NATIONAL PENSION TRUST,

     Defendant - Appellee.

No. 16-3090
(D.C. No. 2:15-CV-02616-JAR-GLR)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **PHILLIPS** and **McHUGH**, Circuit Judges.
_____

Plaintiffs Edward Amador and Wayne Wilke, proceeding pro se, appeal the

district court's grant of summary judgment in favor of Boilermaker-Blacksmith

National Pension Trust.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I.  Background**

When plaintiffs retired, they began receiving monthly benefits from the Trust,

a pension plan in which they participate.  However, after the Trust received notices of

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

levy for each of them from the Internal Revenue Service ("IRS"), it informed them by letter that their benefits would be withheld if they did not complete and return the forms provided. Neither plaintiff did so. The Trust honored the notices of levy and began sending plaintiffs' benefits to the IRS.

Plaintiffs first sued the Trust in state court. That case was removed to federal court and then dismissed. The court concluded plaintiffs had failed to state a claim for a number of reasons, including their failure to exhaust available administrative remedies. Plaintiffs' appeal to this Court was dismissed for lack of prosecution.

Plaintiffs next filed appeals with the Trust. Those were denied on the grounds that they were untimely and that the Trust was obligated to honor the notices of levy. In its denial letters, the Trust cited its governing provisions pertaining to its appeals procedure, including the sixty-day deadline for filing an appeal:

> Any claimant who applies for benefits and is ruled ineligible, or who believes he or she did not receive the full amount of benefits to which he or she is entitled, or who is otherwise subject to an adverse benefit determination, shall have the right to appeal to the Board of Trustees, requesting review of the denial or other adverse benefit determination. . . .

> All appeals must be made in writing and must state the grounds on which the claimant believes he or she is entitled to relief. The written notice of appeal must be sent to the Trustees within 60 days after notification of the denial of the application for benefits (or claim). Failure to file a written notice of appeal within the time period described will operate as a complete waiver of and bar to the right to appeal, and preclude judicial review.

2

R., Vol. 1 at 120 & 122. The denial letters also cited a provision requiring the Trust to comply with the Employee Retirement Income Security Act of 1974 ("ERISA") and federal tax law:

> This Plan is intended to comply with [ERISA] and with the requirements for tax qualification under the [IRS] Code and all regulations thereunder, and is to be interpreted and applied consistent with that intent.

*Id.* at 121 & 123.

After their administrative appeals were denied, plaintiffs sued the Trust again. The district court granted the Trust's motion for summary judgment, concluding that it did not act arbitrarily or capriciously by denying the appeals.

## II. Analysis

We review de novo the district court's grant of summary judgment. *Bryson v. City of Oklahoma City*, 627 F.3d 784, 787 (10th Cir. 2010). But where, as here, an ERISA provider explicitly retains the authority to interpret its governing provisions, "we employ a deferential standard of review, . . . asking only whether the denial of benefits was arbitrary and capricious." *Weber v. GE Group Life Assur. Co.*, 541 F.3d 1002, 1010 (10th Cir. 2008) (citation and internal quotation marks omitted). Applying this standard, we ask "only whether the interpretation of the plan was reasonable and made in good faith." *Id.* (internal quotation marks omitted). We look to the governing provisions of the Trust as a whole and consider the common and ordinary meaning of the language used. *Id.* at 1011.

3

We construe liberally plaintiffs' pro se pleadings. *See Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013). However, pro se parties must follow the same rules of procedure as other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). We will not supply additional factual allegations or construct a legal theory on their behalf. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).

## A. Timeliness of Appeals

Plaintiffs concede that they did not meet the sixty-day deadline set forth in the Trust's appeals procedure. They argue that the deadline applies only to decisions on *eligibility* for benefits. *See* Aplt. Opening Br. at 2. Their appeals were not subject to the deadline, they argue, because the Trust, having already determined that they were eligible to receive benefits, subsequently began sending those benefits to the IRS.

The common meaning of the governing provision quoted above does not compel such a conclusion. Rather, the appeals procedure applies to "[a]ny claimant . . . who believes he or she did not receive the full amount of benefits to which he or she is entitled, or who is otherwise subject to an adverse benefit determination." R., Vol. 1 at 120 & 122. The provision further states that "[a]ll appeals must be made in writing" and that "[t]he written notice of appeal must be sent to the Trustees within 60 days after notification of the denial of the application for benefits (or claim)." *Id.*

Nothing in these provisions suggests that plaintiffs were not subject to an adverse benefit determination or that any exception to the sixty-day deadline applies under these circumstances. Indeed, the use of "[a]ny," "otherwise," and "[a]ll" in the

4

above provisions points in the opposite direction, suggesting that the Trust was acting reasonably when it denied the appeals by invoking the sixty-day deadline. We therefore conclude plaintiffs have not shown that the Trust's application of the sixty-day deadline to their appeals was arbitrary or capricious.

## B. Duty to Honor the Notices of Levy

Plaintiffs also argue that the Trust's decision to honor the notices of levy was arbitrary and capricious. But this argument finds no support in the governing provisions of the Trust. To the contrary, the governing provisions as a whole are to be interpreted and applied "to comply with [ERISA] and with the requirements for tax qualification under the [IRS] Code." *Id.* at 121 & 123. Federal law permits the IRS to collect ERISA benefits to satisfy outstanding tax liabilities. *See* 26 U.S.C. § 6331(a) (authorizing the IRS to collect unpaid taxes "by levy upon all property and rights to property" of persons liable). Subject to exceptions not relevant here, "any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the [IRS], surrender such property or rights (or discharge such obligation) to the [IRS]." *Id.* § 6332(a). In light of these statutes and the governing provisions of the Trust, Plaintiffs have not shown that the Trust acted unreasonably or in bad faith when it honored the notices of levy from the IRS.

## III. Conclusion

Based on the administrative record before it, the Trust articulated two valid reasons for denying plaintiffs' appeals. We conclude that it did not act arbitrarily or

5

capriciously in doing so; therefore, we need not reach the remainder of plaintiffs'

arguments.  The judgment in favor of the Trust is affirmed.

Entered for the Court


Gregory A. Phillips
Circuit Judge