FILED
United States Court of Appeals
Tenth Circuit

**April 10, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES RUDNICK,

    Plaintiff - Appellant,

v.

RICK RAEMISCH; JOHN
CHAPDELAINE; JENNIFER
ANDERSON; NICOLE WILSON; ERIC
HOFFMAN; SAMORA; BROWN;
DAVID CUSTER; DARREN COREY;
WILLIAM SHERWOOD,

    Defendants - Appellees.

No. 17-1262
(D.C. No. 1:16-CV-02071-RM-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **McKAY**, and **KELLY**, Circuit Judges.
_____

James Rudnick, a Colorado prisoner proceeding pro se, appeals the district

court's denial of his motion for a temporary restraining order or preliminary

injunction. We exercise jurisdiction under 28 U.S.C. § 1292(a)(1) and affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Mr. Rudnick sued various prison officials under 42 U.S.C. § 1983, alleging that they violated his constitutional rights by placing restrictions on his access to the prison's law library and on his printing of legal materials; by viewing, sharing, and threatening to delete his legal files; and by confiscating his personal eyeglasses and replacing them with state-issued eyeglasses. Mr. Rudnick relied on the same essential allegations to support his motion for a temporary restraining order or preliminary injunction.

A magistrate judge issued a report and recommended denying the motion because Mr. Rudnick failed to show he would suffer irreparable harm if the motion was not granted. Mr. Rudnick objected to the magistrate judge's recommendation, but the district court overruled the objection and adopted the magistrate judge's report in its entirety, stating, "Plaintiff's objection is long with detailed recitations of the law and restatements as to the merits of his claims [but] at no point does he cite to any specific errors in [the magistrate judge's] factual findings or legal analysis." R., Vol. 3 at 137.

## II. Analysis

We review for an abuse of discretion the district court's denial of a request for a preliminary injunction. *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). We liberally construe Mr. Rudnick's pro se pleadings. *See Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013).

To prevail on his motion, Mr. Rudnick needed to show "(1) a likelihood of success on the merits; (2) a likelihood that [he] will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in [his] favor; and (4) that the injunction is in the public interest." *Little*, 607 F.3d at 1251 (internal quotation marks omitted). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

Further, because the purpose of preliminary injunctions is to preserve the relative positions of the parties until trial, they are specifically disfavored if they alter the status quo, are mandatory (as opposed to prohibitory), or afford the movant all the relief that could be recovered after a full trial. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258-59 (10th Cir. 2005). "Such disfavored injunctions must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259 (internal quotation marks omitted). In addition, "prison officials' exercises of discretion should generally be respected, as federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Wilson v. Jones*, 430 F.3d 1113, 1123 (10th Cir. 2005) (internal quotation marks omitted).

## A. Legal Access

As noted by the magistrate judge, Mr. Rudnick did not allege that he was being denied all access to the prison's law library and his legal files. Rather, he was merely seeking improved access to both. For example, Mr. Rudnick sought access to his

3

legal files at least three times per week and unfettered access to photocopy and print documents. The magistrate judge determined that such allegations were inadequate to show irreparable injury supporting injunctive relief on this claim, and we agree.

"[T]he constitutional obligation to provide inmates access to courts does not require states to give inmates unlimited access to a law library, and inmates do not have the right to select the method by which access will be provided." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam) (citation omitted). Mr. Rudnick has not challenged the magistrate judge's finding that he has some access to the law library's resources, nor has he shown an irreparable injury resulting from prison regulations limiting prisoners' computer access to one two-and-a-half-hour session per week and requiring them to pay for photocopies and printouts. His ample filings in the district court belie any argument that he is being denied meaningful access to the courts. Moreover, Mr. Rudnick has not shown that "the denial of legal resources hindered [his] efforts to pursue a nonfrivolous claim," *id.*, in part because he has not identified or described the legal action he seeks to pursue.

Mr. Rudnick also wants to be able to use the prison's legal access program without having to accept the prison's terms and conditions, which he contends are unconscionable because they allow prison officials to view prisoners' files to monitor compliance with the terms and conditions. He further contends that prison officials have shared the contents of his files with other individuals, including prisoners and the state attorney general, and threatened to delete those files. But the record does

4

not support the conclusion that he is likely to succeed on the merits on these issues. Even "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89 (1987). Mr. Rudnick has not shown that the terms and conditions are not reasonably related to legitimate penological interests, such as ensuring all prisoners have access to the prison's limited resources while protecting against the misuse of those resources. And his allegations that his files were shared and could be deleted "contain insufficient factual information to conclude that a constitutional violation is plausible, rather than possible." *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010).

Under these circumstances, the district court did not abuse its discretion by concluding that Mr. Rudnick had not met his burden to show a clear and unequivocal right to relief on his legal-access claim.

## B. Eyeglasses

The magistrate judge acknowledged that Mr. Rudnick's allegations about his state-issued eyeglasses may rise to the level of serious or substantial harm. Nonetheless, she concluded that he had not shown that the alleged harm was irreparable. The magistrate judge found that Mr. Rudnick had been issued glasses that matched his prescription and was eligible for an optometry appointment within two months of the court's order. Thus, he was not being denied eyeglasses entirely. He did not support his contention that the state-issued glasses were inadequate with any evidence other than his own self-serving statements. And his contention that

5

future prescriptions and lens types provided would be inadequate was speculative. Again, the magistrate judge cited the docket as evidence that Mr. Rudnick had not been significantly hindered in his ability to prepare and submit numerous filings despite the limitations he complained of both with respect to his eyeglasses and his access to the prison's legal services.

As a result, the district court did not abuse its discretion by concluding that Mr. Rudnick's allegations do not satisfy the demanding standard required for a preliminary injunction on this claim.

## III. Conclusion

We affirm the district court's denial of Mr. Rudnick's motion for a temporary restraining order or a preliminary injunction. We grant Mr. Rudnick's motion to proceed in forma pauperis and remind him of his obligation to continue making partial payments until his filing fee has been paid in full.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

6