**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 8, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SILAS WILSON, JR.,

     Plaintiff - Appellant,

v.

KEITH C. REID, individually and official capacity, Tulsa Police Officer; CHUCK JORDAN, individually and official capacity, Chief of Police Tulsa Police Department; G. T. BYNUM, individually and official capacity, Mayor of City of Tulsa; SALLY HOWE SMITH, individually and official capacity, (former) Court Clerk Tulsa County; DON NEWBERRY, individually and official capacity, Court Clerk Tulsa County; FNU LNU, individually and official capacity, Unknown Deputy Court Clerks; STANLEY GLANTZ; GERALD M. BENDER; G. CHRIS BENGE; TULSA COUNTY; CITY OF TULSA; OKLAHOMA SECRETARY OF STATE,

    Defendants - Appellees.

No. 19-5017
(D.C. Nos. 1:18-CV-374 JED-JFJ
and 4:18-CV-00374-JED-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

---

[*]    Oral argument would not materially help us to decide this appeal. We have thus decided the appeal based on the appellate briefs and the record on appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.

_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

This appeal involves a state prisoner's claims under 42 U.S.C. § 1983 for damages, an injunction, and a declaratory judgment. In his pro se complaint, Mr. Silas Wilson, Jr. alleges that he was illegally detained prior to trial because of an affidavit containing a forged signature. Mr. Wilson also alleges that

- city and county officials failed to investigate the alleged forgery and interfered with his right to petition for an investigation and

- county officials refused to provide him with public records relating to his arrest.

According to Mr. Wilson, these actions violated his rights under the Fourteenth Amendment's equal-protection and due-process clauses.

The district court dismissed the complaint with prejudice, concluding that Mr. Wilson had not alleged constitutional violations.[1] We affirm.

_____

But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1]    The district court relied not only on the absence of a constitutional violation but also on _Heck v. Humphrey_, 512 U.S. 477 (1994). In _Heck_, the Supreme Court held that courts must dismiss § 1983 suits brought by state prisoners when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." _Id._ at 487.

As Mr. Wilson points out, the Supreme Court has stated that an illegal detention does not void a subsequent conviction. _Gerstein v. Pugh_,

## I.      We conduct de novo review of the district court's dismissal.

When a district court dismisses a complaint for failure to state a valid claim, our review is de novo.[2] *Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013). Under de novo review, we liberally construe a pro se complaint. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). For a pro se complaint, the district court can dismiss with prejudice for failure to state a claim if

- the alleged facts are obviously insufficient to allow the plaintiff to prevail and

- any further opportunity to amend would be futile.

*Id.* at 1217.

## II.      The district court properly dismissed Mr. Wilson's claims stemming from his allegedly illegal detention.

In his appeal brief, Mr. Wilson argues that the district court misinterpreted his complaint as alleging that

- he was arrested pursuant to a warrant and

- the allegedly forged affidavit supported the warrant.

---

420 U.S. 103, 119 (1975). But we need not decide whether *Heck* would bar Mr. Wilson's claims.

[2]      We deny Mr. Wilson's motion to supplement the record. In this motion, Mr. Wilson lists factual allegations allegedly misstated or misrepresented by the district court. But the proposed supplementation would not affect our decision.

According to Mr. Wilson, the district court's misinterpretation of his factual allegations resulted in the erroneous dismissal of his illegal-detention claim.

The district court apparently did misunderstand Mr. Wilson's factual allegations. In the complaint, Mr. Wilson alleges that he was arrested "without a warrant." Dist. Ct. Doc. No. 18 at 5; *see also id.* at 13 (referring to his "warrantless arrest"). Mr. Wilson also alleges that the affidavit served as the basis for his allegedly illegal detention. In Mr. Wilson's view, the detention was illegal because a signature on the affidavit had been forged.

As we understand Mr. Wilson's factual allegations, the affidavit caused his detention before the legal process had begun. A claim for unlawful detention prior to the institution of legal process is a Fourth Amendment false-imprisonment claim. *See Mondragon v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008) ("The period of time between an unlawful arrest and the institution of legal process forms on constitutional claim, arising under the Fourth Amendment."). So the district court interpreted Mr. Wilson's complaint as potentially raising a false-imprisonment claim under the Fourth Amendment. But in his appeal brief, Mr. Wilson states in several places that the district court misconstrued his allegations by treating his complaint as potentially raising such a claim. These parts of Mr. Wilson's appeal brief appear to disavow a Fourth Amendment claim.

4

Elsewhere, however, Mr. Wilson contends that his factual allegations do state a Fourth Amendment claim. Given this contention, we consider the possibility that Mr. Wilson may be intending to assert a Fourth Amendment claim.

We conclude that if he is intending to assert a Fourth Amendment claim, it would have been untimely. A Fourth Amendment false-imprisonment claim accrues when an existing legal process caused the imprisonment. *Mondragon*, 519 F.3d at 1083. Legal process is instituted, for example, when a person is arraigned or bound over for trial. *Wallace v. Kato*, 549 U.S. 384, 389 (2007).

At the latest, legal process justifying the imprisonment was instituted on May 11, 2012 (when Mr. Wilson was arraigned). *State of Oklahoma v. Silas Wilson Jr.*, No. CF-2012-1979. From this date, Mr. Wilson had two years to bring his false-imprisonment claim.[3] But Mr. Wilson began the suit on June 15, 2018—over six years after his arraignment. Thus, a Fourth Amendment claim for false-imprisonment would have been untimely.

---

[3]     The statute of limitations for such claims brought under 42 U.S.C. § 1983 "is dictated by the personal injury statute of limitations in the state in which the claim arose." *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011). In this case, the claim arose in Oklahoma, which has a two-year limitations period for personal-injury claims. 12 Okla. Stat. tit. 12, § 95(A)(3); *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988).

We thus conclude that the district court did not err in dismissing Mr. Wilson's claim of illegal detention.

### III.  Mr. Wilson failed to adequately brief his remaining appellate arguments.

For the remainder of his appellate arguments, Mr. Wilson relies solely on his incorporation of a motion that he filed in the district court. In our circuit, however, a party may not incorporate materials that had been filed in district court.[4] *See* 10th Cir. Rule 28.3(B) (2019) ("Incorporating by reference portions of lower court or agency briefs or pleadings is disapproved and does not satisfy the requirements of Federal Rules of Appellate Procedure 28(a) and (b)."); *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 623–24 (10th Cir. 1998) (rejecting the use of incorporation by reference in appellate briefs). Mr. Wilson's pro se status does not excuse his failure to comply with this rule. *See Wardell v. Duncan*, 470 F.3d 954, 964 (10th Cir. 2006) (concluding that the plaintiff's pro se status did not exempt him from adherence to the rule against

---

[4]  We have explained that "[a]llowing litigants to adopt district court filings would provide an effective means of circumventing the page limitations on briefs set forth in the appellate rules and unnecessarily complicate the task of an appellate judge." *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 624 (10th Cir. 1998) (internal citation omitted).

6

incorporation by reference). Mr. Wilson's remaining appellate arguments are thus waived for inadequate briefing. *Gaines-Tabb*, 160 F.3d at 624.

## IV.   Amendment would be futile.

The district court dismissed the complaint with prejudice. Because Mr. Wilson was acting pro se, dismissal with prejudice was appropriate only if amendment would have been futile. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

Based on Mr. Wilson's preserved appellate arguments, we conclude that amendment would have been futile. His only preserved argument relates to his detention before the institution of legal process. This claim is a Fourth Amendment false-imprisonment claim. But even if Mr. Wilson has not disavowed such a claim, it would have been time-barred. *See* p. 5, above. Thus, amendment of the complaint would have been futile.

Affirmed.

Entered for the Court

Robert E. Bacharach
Circuit Judge

7