FILED
United States Court of Appeals
Tenth Circuit

July 6, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ZABRIEL EVANS,

     Plaintiff - Appellant,

v.

JAMES HEIMGARTNER; JOHNNIE
CAWTHORN, IV; CODY AUSTIN;
ROBERT WALLACE; HEATHER
GRIFFITH,

     Defendants - Appellees.

No. 19-3255
(D.C. No. 5:16-CV-03095-DDC-ADM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.[**]
_____

     Plaintiff-Appellant Zabriel Evans, an inmate appearing pro se, appeals from

the district court's take-nothing judgment and dismissal of his civil rights action with

prejudice.  Mr. Evans filed the underlying complaint against prison officials

regarding events occurring on March 1 and 5, 2016 while he was incarcerated at El

Dorado Correctional Facility.  On both dates, Evans reported medical complaints.  In

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

attempting to conduct the medical assessment, correctional officers placed Mr. Evans in restraints. Mr. Evans apparently resisted and correctional officers used pepper spray. Mr. Evans was transferred to Hutchinson Correctional Facility in 2017.

Regarding El Dorado personnel, Mr. Evans claimed excessive force and deliberate indifference to medical needs. He sought injunctive relief against the warden. The district court ordered a Martinez report. Defendants moved to dismiss the complaint for failure to state a claim. The district court granted Defendants' motion to dismiss on Mr. Evans' excessive force claim concerning wrist injuries and on his medical care claim. Evans v. Heimgartner, 2018 WL 3055843 at *10 (D. Kan. June 20, 2018). The district court also dismissed the claim for injunctive relief as moot because Mr. Evans was no longer incarcerated at El Dorado Correctional Facility. Id. The court denied Defendants' motion as it applied to Mr. Evans' excessive force claim regarding the use of pepper spray.

Both Mr. Evans and Defendants moved for summary judgment on the pepper spray claim. The district court held that that the correctional officers were entitled to qualified immunity based on the lack of a constitutional violation and lack of clearly established law. Evans v. Cawthorn, 2019 WL 5787952, at *6–*9 (D. Kan. Nov. 6, 2019). The district court denied Mr. Evans's late requests for discovery.

Though Mr. Evans's pleadings on appeal are difficult to interpret, we have reviewed the district court's decisions on qualified immunity and failure to state a claim de novo. See McInerney v. King, 791 F.3d 1224, 1227 (10th Cir. 2015) (qualified immunity); Childs v. Miller, 713 F.3d 1262, 1264 (10th Cir. 2013)

2

(dismissal for failure to state a claim). We find no error in the district court's decision. Nor did the district court err in concluding that injunctive relief was moot. The district court did not abuse its discretion in declining Mr. Evans's discovery request.

AFFIRMED. We DENY IFP and remind Mr. Evans that he is responsible for full payment of the filing fee.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge