**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHRISTOPHER ADAM ERWIN,

    Plaintiff - Appellant,

v.

JEFF ZMUDA; LIBBY KEOGH;
DARCIE HOLTHOUS; JEFF BUTLER;
THOMAS WILLIAMS; JOSHUA
MURTAUGH; MARIA BOS; JEREMY
HOEPNER; BRIAN REEVES; BRIAN
BUCHHOLZ; PAIGE DODSON; SARAH
MADGWICK; KATRINA
TITTSWORTH; COZETTE MYERS;
ROBERT STEVENS; GENARO
GARCIA; JULIE HAY; CORNELIA
MERRICK; (FNU) MITCHELL;
SYDNEY WHITE; CATHERINE
MCDONALD; CHRISTOPHER
CORNELL; (FNU) CROWLEY;
GORDON HARROD; LINDZIE
MENDOZA; KELLY KNIPP; (FNU)
(LNU), Director of Health Care Services,

    Defendants - Appellees.

No. 24-3022
(D.C. No. 5:23-CV-03256-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT***

_____

---

   * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.

_____

Plaintiff Christopher Erwin, a Kansas state prisoner appearing pro se, filed a civil rights complaint under 42 U.S.C. § 1983 alleging that he received improper medical treatment for his Type 1 diabetes.  The district court screened the complaint under 28 U.S.C. § 1915A and dismissed the complaint as legally frivolous.  Erwin now appeals.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the judgment of the district court.

I

On December 4, 2023, Erwin filed a pro se civil rights complaint pursuant to § 1983.  The complaint named as defendants the Secretary of the Kansas Department of Corrections (KDOC) and twenty-six other individuals who were either employed by KDOC or who provided services to inmates at the El Dorado Correctional Facility (EDCF) where Erwin was confined.  Erwin alleged in his complaint that, between September 1, 2020, and July 7, 2023 (with the exception of February 25, 2022 to October 11, 2022[1]) the defendants violated his Eighth Amendment rights by denying him adequate medical treatment for his Type 1 diabetes.  Erwin further alleged that "[t]his caused him severe pain for long periods of time, seizures, scrotal swelling, skin rashes, broken bones, and other chronic complications."  ROA at 9.  The complaint alleged twenty-seven claims for relief, one for each of the named

_____

[1] During the period from February 25, 2022, to October 11, 2022, Erwin was housed at the Lansing Correctional Facility.

defendants. In terms of the relief sought, the complaint asked for a "prescribed diabetic diet to be served" and "prescribed insulin to be given" within a set time period coinciding with the correctional facility's meal times, specific types of food to be served to Erwin, a "[p]rescribed diabetic diet to be followed strictly for portion sizes . . . and mistakes fixed within 30 minutes of insulin being given and/or blood sugar being checked," "[n]o gap in time between meals, and also between dinner and bedtime . . . insulin/blood sugar check, of less than 4.5 hours or more than 7 hours," and "[c]arbohydrate (CHO) information for every item per portion size on prescribed diabetic menu." *Id.* at 42, 45.

Because Erwin was proceeding in forma pauperis, the district court screened his complaint as required by 28 U.S.C. § 1915A(a). After doing so, the district court issued a memorandum and order dismissing Erwin's complaint as "legally frivolous" and "repetitious" under 28 U.S.C. § 1915(e)(2)(B)(i). *Id.* at 58. The district court noted in its memorandum and order that Erwin "ha[d] raised these same claims or very similar claims in two prior cases" filed in the district court. *Id.* at 54 (citing *Erwin v. Zmuda, et al.*, No. 21-3213-SAC, and *Erwin v. Zmuda, et al.*, No. 22-3170-JWL). Both of those prior cases, the district court noted, alleged the denial of proper accommodations and care for Erwin's diabetic medical condition and sought forms of relief similar to those sought in Erwin's most recent complaint. The district court noted that the first case was dismissed after Erwin failed to respond to the district court's show cause order that detailed deficiencies in his complaint. As for the second case, the district court noted it "ordered the appropriate officials at

EDCF to prepare a *Martinez* report," and that, after receiving and reviewing the report, it found that Erwin had been provided with adequate medical care, that Erwin had interfered with the medical care through his own conduct, and that Erwin failed to show that any prison official both knew of and disregarded an excessive risk to Erwin's health or safety.[2] *Id.* at 55.  The district court also noted that Erwin failed to respond to the district court's order directing him to show cause why his complaint should not be dismissed for failure to state a claim.  In light of this litigation history, the district court concluded that Erwin's most recent complaint was repetitive and therefore subject to dismissal under 28 U.S.C. § 1915 as legally frivolous.

Following the district court's entry of judgment, Erwin filed a timely notice of appeal.

II

"We generally review a district court's dismissal for frivolousness under § 1915 for abuse of discretion." *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir.

---

[2] The *Martinez* report was nearly 300 pages in length and detailed the medical care that Erwin received while housed at EDCF.  The report noted that Erwin's "blood sugar control ha[d] generally been near goal while incarcerated" at EDCF. *Erwin v. Zmuda, et al.*, No. 5:22-cv-03170-JWL, ECF No. 18 at 3 (D. Kan. June 9, 2023).  The report also noted that "[d]uring the course of his diabetic medical care," EDCF "medical staff would suggest modifying his insulin to prescribe a different insulin which Erwin would not agree with, as he wanted to dictate his own care which resulted in him becoming very angry." *Id.* at 4.  "For example, Erwin wanted to go on long-lasting insulin and was ultimately given long-lasting insulin, and then became unhappy he was on the long-lasting insulin." *Id.*  In addition, the report noted that Erwin often acted aggressively and violently towards staff if he disagreed with his medical treatment (including threatening to kill them), "which resulted in him being placed in segregated housing." *Id.*

2006). Only "where the frivolousness determination turns on an issue of law" do "we review the determination *de novo*." *Id.*

The district court in this case concluded that Erwin's complaint was frivolous because it was duplicative of two previous complaints that Erwin unsuccessfully filed in the district court. The general legal principle that the district court relied on is well established and Erwin does not dispute it. We have long held that "[w]hen a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process," and that "repetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013).

In his appeal, Erwin argues that "[t]here were significant differences between" his most recent complaint and his two prior complaints and that the district court abused its discretion in concluding otherwise. Aplt. Br. at 20. For example, he alleges that his first complaint "didn't include grievances past 8/2021 and focused on [a] 1/29/20 near death experience." *Id.* at 9. Further, he alleges that "no grievances" alleged in his first complaint "prior to 9/2020 were included in" his most recent complaint. *Id.* He also asserts that his second complaint "didn't include timeframes of violations of 8th amendment rights and lacked sufficient facts," but, in contrast, his most recent complaint "was full of detailed facts including more specific time frames." *Id.* at 10. In addition, Erwin notes that he submitted exhibits in support of his most recent complaint and sought leave to file additional supporting exhibits.

Further, Erwin asserts that in his most recent complaint, he "carefully crafted a completely new and legally specific[] message about [how] each of the 27 defendants violated [his] rights." *Id.* at 21. And he notes that his most recent complaint names "10 new defendants never before included on any case prior." *Id.* at 9.

After reviewing the record on appeal in this case, as well as the available records in Erwin's two prior cases, we conclude the district court did not abuse its discretion in dismissing Erwin's complaint as repetitive and legally frivolous. Both of Erwin's prior complaints, like his current complaint, alleged that his constitutional rights were violated due to inadequate medical treatment for his Type 1 diabetes while he was housed at EDCF. Further, both of the prior complaints sought forms of injunctive relief similar to those sought in the current complaint. Thus, we agree with the district court that the current case is simply another attempt by Erwin to relitigate the claims that were previously raised and rejected in his first two cases.

### III

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

6