FILED
United States Court of Appeals
Tenth Circuit

December 12, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

JOSEPH Z. WOMBLE,

     Plaintiff - Appellant,

v.

KAMERON HARVANEK,

     Defendant - Appellee.

No. 17-7023
(D.C. No. 6:16-CV-00328-RAW-SPS)
(E.D. Okla.)

_____

ORDER AND JUDGMENT[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

     Plaintiff Joseph Z. Womble, proceeding pro se, brought an action under

42 U.S.C. § 1983 against defendant Kameron Harvanek, the warden at the Mack

Alford Correctional Center ("MACC"), alleging that Harvanek was deliberately

indifferent to Womble's unconstitutional conditions of confinement when Womble

was a prisoner at MACC. The district court dismissed the complaint after concluding

that it failed to state a claim upon which relief could be granted. The court then

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

assessed a "strike" against Womble under 28 U.S.C. §1915(g).[1] Womble now appeals from the dismissal of his complaint and the district court's assessment of a strike against him. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand.

## I

In his complaint, Womble alleged that Harvanek "is wholly responsible for the day to day operations of the [MACC] and is responsible for Plaintiff's injury." Womble explained that in August 2015, the ice machine and water fountain in his housing unit at MACC stopped working and neither was replaced.

He alleged that the temperatures in his cell exceeded 90 degrees over 15 times in June 2016 and that he became severely dehydrated on three different occasions that month. He asserted that he filed a complaint with the warden on two different occasions that month and that "[t]he complaint was regarding the heat and lack of cold[,] uncontaminated drinking water."

Harvanek responded to Womble's initial complaint (also called a "request to staff") by "telling Plaintiff to drink the water from his cell sink." But Womble

---

[1] Congress enacted the Prison Litigation Reform Act (PLRA) in 1996 to bring prisoner litigation under control. See Childs v. Miller, 713 F.3d 1262, 1264-65 (10th Cir. 2013). As part of PLRA, Congress added 28 U.S.C. § 1915(g), which revokes in forma pauperis (ifp) privileges "for any prisoner who has filed three or more lawsuits that fail to state a claim, or are malicious or frivolous." Id. at 1265 (quotation marks omitted). "Under the PLRA, prisoners obtain a 'strike' against them for purposes of future ifp eligibility when their action or appeal . . . is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." Id. (quotation marks omitted).

alleged that the water from his cell sink "is contaminated, brown in color, and often made Plaintiff sick from drinking [it]. Plaintiff would vomit many times after drinking this water."

In his next complaint/request, Womble "complained that because the temperature was so high on Plaintiff's cellblock, and in Plaintiff's cell, Defendant must provide cold[,] uncontaminated drinking water by providing a water fountain." He alleged that "Defendant responded denying relief stating 'You have [enough] ice and water to prevent dehydration.[']" But Womble alleged that "the cell water was contaminated and warm, and ice was being provided once per day. Plaintiff received one 6 oz scoop of ice per day, half-melted because of the heat."

He further alleged:

By subjecting Plaintiff to extreme conditions of confinement, specifically excessive heat, forcing Plaintiff to choose between drinking warm, contaminated drinking water or no water at all with full knowledge that this was causing Plaintiff injury and that these conditions are extremely dangerous, Defendant has acted with deliberate indifference to Plaintiff's health and safety needs, in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.

**II**

We have given the following guidance for reviewing a district court's decision to grant a motion to dismiss:

We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). We assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs. A complaint will survive dismissal only if it alleges a plausible claim for relief—that is, the factual allegations must be enough to raise a right to relief above the speculative level. Even so, granting a motion to dismiss is a harsh remedy which must be cautiously

3

studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice. Thus, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.

Dias v. City & Cty. of Denver, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation marks, citations, and brackets omitted).

Conditions of confinement violate the Eighth Amendment's prohibition against cruel and unusual punishment when "they result[] in unquestioned and serious deprivation of basic human needs." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "The Constitution . . . does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quotation marks and citations omitted).

"To prevail on a conditions of confinement claim under the Eighth Amendment, an inmate must establish that (1) the condition complained of is sufficiently serious to implicate constitutional protection, and (2) prison officials acted with deliberate indifference to inmate health or safety." DeSpain v. Uphoff, 264 F.3d 965, 971 (10th Cir. 2001) (quotation marks omitted). To show deliberate indifference, "a plaintiff must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999) (quotation marks omitted).

Womble argues on appeal that the district court erred in determining that his complaint did not state a claim for an Eighth Amendment violation. He asserts that

4

his complaint sufficiently alleged that Harvanek took inadequate measures to respond to the risk of serious harm caused by high temperatures in his cell given the lack of adequate, uncontaminated water. He further asserts that the district court erred in concluding that Harvanek's only involvement was the denial of his grievances. Womble argues that he properly alleged Harvanek's personal participation in the alleged constitutional deprivation. Womble also asserts that the court erred in assessing a strike against him when it dismissed his complaint, because he has stated a valid Eighth Amendment claim.

**A**

The district court first determined that Womble had failed to show that the broken water fountain, the broken ice machine, or the temperature of his cell qualified as a sufficiently serious deprivation. The court noted that Womble received a daily cup of ice during the summer months, and he had water from the sink in his cell. The court further noted that "[a]lthough Plaintiff claims the water in his cell was contaminated, he offers only conclusory allegations. In addition, there is no indication that Plaintiff's symptoms of dehydration and vomiting were serious enough to warrant treatment."

We disagree with the district court's determination that Womble offered only conclusory allegations regarding his claim that the water in his cell was contaminated. Womble came forward with sufficiently specific allegations that the water was contaminated. He alleged the water was brown, and that it often made him sick, including causing him to "vomit many times after drinking [it]." These are

5

well-pleaded factual allegations that should be accepted as true; these are not "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that the Supreme Court found to be insufficient in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

We are not persuaded by Harvanek's argument on appeal that Womble needed to provide "evidence" to support his allegation that the water was contaminated. The district court was considering the complaint on a motion to dismiss, not summary judgment. At this stage in the proceedings, Womble did not need to come forward with actual evidence of contamination and, as discussed above, he did make specific allegations to support his claim that the water was contaminated.

Lack of access to chilled water and ice would not, standing alone, constitute a sufficiently serious deprivation to sustain an Eighth Amendment conditions of confinement claim. However, access to a sufficient supply of *uncontaminated* drinking water is a basic human need. Womble alleged that the water fountain was broken; the ice machine was broken; the heat in his cell was excessive; he received only six ounces of ice per day; and he couldn't drink the water in his cell because it was contaminated and made him sick. Taking Womble's allegations as true, he has plausibly alleged a sufficiently serious deprivation to survive a motion to dismiss and the district court erred in concluding to the contrary.

**B**

Next, the district court determined that Womble had failed to sufficiently allege deliberate indifference. This determination was based on the court's

6

conclusion that "Defendant's denial of Plaintiff's grievances is not evidence of deliberate indifference."

Again, we disagree with the district court's characterization of Womble's allegations. Womble did more than allege deliberate indifference based on the denial of a grievance. He alleged that Harvanek was "wholly responsible for the day to day operations of the [MACC]." He then alleged that he made an "initial request to staff" requesting a water fountain due to the lack of cold, uncontaminated drinking water. He further alleged that it was Harvanek who responded directly to his request, denying it and "telling Plaintiff to drink the water from his cell sink." When Womble complained a second time about the high temperature in his cell and the need for a water fountain to provide cold, uncontaminated drinking water, it was Harvanek who again denied the request and told Womble he had enough "ice and water to prevent dehydration." Womble alleged that Harvanek knew that the situation was causing him harm and that Harvanek was forcing him to choose between drinking no water or drinking contaminated water. As he stated in his complaint:

> By subjecting Plaintiff to extreme conditions of confinement, specifically excessive heat, forcing Plaintiff to choose between drinking warm, contaminated drinking water or no water at all with full knowledge that this was causing Plaintiff injury and that these conditions are extremely dangerous, Defendant has acted with deliberate indifference to Plaintiff's health and safety needs, in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.

This situation is also distinguishable from Stewart v. Beach, 701 F.3d 1322 (10th Cir. 2012), which the district court cited for support. Stewart was an inmate at the El Dorado Correctional Facility. He requested a transfer to be closer to his

7

mother who had cancer, but the day of the transfer Officer Agnes Beach refused to let him board the transport vehicle because he would not comb out his dreadlocks. Id. at 1326. Beach consulted with her supervisor, Thad Wilson, and he gave Stewart a choice – either cut his hair or forego the transfer. Stewart informed Beach and Wilson that he was a practicing Rastafarian and therefore was strictly forbidden to cut his hair. Wilson ultimately cancelled the transfer and sent Stewart to administrative segregation. Stewart later filed a grievance, which was denied. He then filed a grievance appealing that denial to Warden Ray Roberts, and Roberts denied the appeal. Id.

Stewart subsequently filed a pro se complaint against Beach, Wilson and Roberts, asserting the defendants forced him to choose between his religious beliefs and transferring to a facility closer to his ailing mother, and that this violated his rights under the Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act. As is relevant here, the district court granted summary judgment and dismissed the claims against Roberts "for lack of personal participation because his only act was to deny Stewart's grievance appeal." Id. at 1327.

On appeal, this court upheld the district court's decision because the only fact Stewart pointed to regarding Roberts's participation was "Roberts's summary denial of his grievance appeal." Id. at 1328. This court explained that "[t]he denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." Id. (quotation marks omitted). And therefore, "[w]hatever knowledge Roberts may have

8

had when he denied the appeal, his only involvement was to deny the grievance appeal, which is insufficient for § 1983 liability." Id.

Roberts's participation in the alleged constitutional violation in the Stewart case was very attenuated, because it was Beach and Wilson who told Stewart to cut his hair and Roberts did not even deny the initial grievance related to the incident but instead denied the appeal of that grievance. But Womble asserts Harvanek was directly involved with the alleged constitutional violation. Womble requested a drinking fountain to provide cold, uncontaminated water, and Harvanek denied that request, telling him to drink the water in his cell. Womble further alleges that his cell water was contaminated, brown in color, and made him vomit. Therefore, Harvanek "forc[ed] [him] to choose between drinking warm, contaminated water or no water at all with full knowledge that this was causing Plaintiff injury and that these conditions are extremely dangerous . . . ." Because Womble alleged that Harvanek participated in the alleged constitutional violation by doing more than just denying a grievance, the reasoning in Stewart is inapplicable, and the district court erred in granting the motion to dismiss on that basis.

### III

"[G]ranting a motion to dismiss is a harsh remedy" and therefore a well-pleaded complaint should proceed, even if seems "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Dias, 567 F.3d at 1178 (quotation marks and brackets omitted). Accepting as true Womble's well-pleaded factual allegations, Womble has alleged a plausible claim for relief.

9

Accordingly, we reverse the district court's judgment dismissing Womble's complaint for failure to state a claim upon which relief can be granted and we vacate the district court's assessment of a strike on that basis. We remand for further proceedings consistent with this decision.

The district court granted Womble leave to proceed on appeal without prepayment of costs and fees. We remind Womble that he is obligated to continue making partial payments until his fees are paid in full.

Entered for the Court

Carlos F. Lucero
Circuit Judge