**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 6, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SHAWN RICHARD ROBERTS,

    Plaintiff - Appellant,

v.

WELL PATH; MESA COUNTY
SHERIFF'S DEPARTMENT,

    Defendants - Appellees.

No. 20-1001
(D.C. No. 1:19-CV-02465-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

This appeal involves an alleged failure to provide medical care to

Mr. Shawn Richard Roberts, a pretrial detainee. Seeking redress, Mr.

Roberts filed a pro se 42 U.S.C. § 1983 action against the county sheriff's

department and the private company that provided medical care to

detainees (Well Path).

_____

[*]    Oral argument would not materially help us to decide this appeal, so we have thus decided the appeal based on the appellate briefs and the record on appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

A magistrate judge recommended summary dismissal of the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). After Mr. Roberts failed to object, the district judge adopted the recommendation, dismissed the action, and denied leave to proceed in forma pauperis.

Mr. Roberts appeals, seeks leave to proceed in forma pauperis in this appeal, and moves for appointment of counsel. We grant Mr. Roberts's request to proceed in forma pauperis, but we deny his motion to appoint counsel and affirm the dismissal.

1.  **Mr. Roberts alleges a failure to provide medical care at the detention facility.**

In the second amended complaint, Mr. Roberts alleged that officials had failed to provide him with (1) medication for back pain, (2) medication for bipolar disorder, (3) a cane, and (4) a medical mattress. According to Mr. Roberts, these failures caused him severe pain, anxiety, and physical injury. He sought damages and an order requiring proper medication, a cane, and an adequate mattress.

2.  **The district court dismisses the action as frivolous.**

A magistrate judge recommended dismissal for three reasons: (1) Mr. Roberts had failed to allege specific facts constituting deliberate indifference to his serious medical needs; (2) the Mesa County Sheriff's Department is not a "person" subject to § 1983; and (3) Mr. Roberts had

2

failed to connect his injuries to an official policy or custom of Mesa County or Well Path.

The magistrate judge informed Mr. Roberts that (1) he could request further review by objecting within fourteen days and (2) failure to timely object could bar an appeal. Mr. Roberts did not object, and the district judge adopted the magistrate judge's recommendation for dismissal.

**3.     We decline to apply the firm waiver rule.**

After Mr. Roberts appealed, the court required him to show cause why his failure to timely object to the magistrate judge's recommendation wouldn't waive the right to appellate review. Mr. Roberts has satisfied this requirement.

If a party fails to timely object to a magistrate judge's recommendations, the party generally waives the right to appellate review. *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005). Two exceptions exist. The first is when a pro se party has not been informed of the period for objections and the consequences of failing to object. *Id.* The second exception is when appellate review is required in the "interests of justice." *See id.*

Mr. Roberts responded to the show cause order, stating that he had not received the magistrate judge's report and recommendation. Given Mr. Roberts's lack of notice, we conclude that the second exception applies. We thus do not consider Mr. Roberts's arguments waived.

**4.      We deny Mr. Roberts's motion to appoint counsel**.

Mr. Roberts has moved for appointment of counsel in the appeal. Although we cannot appoint counsel in civil cases, we can request an attorney for Mr. Roberts.[1] *See* 28 U.S.C. § 1915(e)(1); *Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016). When deciding whether to request counsel, we consider the merits of the claims, the nature of the claims, Mr. Roberts's ability to present the claims, and the complexity of the issues. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In Mr. Roberts's case, these factors lead us to conclude that a request for counsel is not warranted. We thus deny Mr. Roberts's motion to appoint counsel.

**5.      Because Mr. Roberts does not challenge two of the grounds for dismissal, we affirm**.

On appeal, Mr. Roberts contends that the failure to provide medications caused months of pain and suffering. This argument addresses the first reason for the dismissal (failure to allege deliberate indifference to a serious medical need). But Mr. Roberts does not challenge the other two reasons for the dismissal: (1) that the sheriff's department is not a "person" under 42 U.S.C. § 1983 and (2) that Mr. Roberts has failed to tie

---

[1]      In the motion, Mr. Roberts used a form seeking volunteer counsel under a program administered by the district court. D.C. Colo. L. Atty. R. 15(a). This program applies to proceedings in district court, not our court.

his injuries to a policy or custom of Mesa County or Well Path.[2] So we would need to affirm even if we credited Mr. Roberts's appellate argument in its entirety. *See Lebahn v. Nat'l Farmers Union Pension Plan*, 828 F.3d 1180, 1188 (10th Cir. 2016) (stating that we must affirm when an appellant fails to challenge one of two independent grounds for dismissal). Given the failure to challenge two of the reasons for dismissal, we affirm.[3]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[2]    We liberally construe pro se filings. *See Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013). But we "will not supply additional factual allegations . . . or construct a legal theory" on a pro se litigant's behalf. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

[3]    We grant Mr. Roberts's motion for leave to proceed in forma pauperis and remind him of his obligation to continue making partial payments until the entire appellate filing fee is paid.