FILED
United States Court of Appeals
Tenth Circuit

October 21, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

MARK ANTHONY WASHINGTON,

    Plaintiff - Appellant,

v.

STATE OF OKLAHOMA,

    Defendant - Appellee.

No. 25-5029
(D.C. No. 4:24-CV-00446-SEH-CDL)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.

_____

Mark Anthony Washington, appearing pro se, appeals the district court's dismissal of his civil action for lack of subject matter jurisdiction. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal as frivolous, deny Washington's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees, and impose a strike under 28 U.S.C. § 1915(g).

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Washington initiated an action by filing a Motion to Suppress Tulsa County Search Warrant and Petitioner's First Amended Motion to Return Property. In each motion he named the State of Oklahoma as the sole respondent. In the suppression motion, Washington sought an order from the district court declaring invalid three criminal search warrants the Tulsa County District Court issued in connection with an investigation into Washington's involvement in a homicide in Texas, where he was currently detained in a county jail. In his motion to return property, Washington requested the district court to order the Tulsa Police Department ("TPD") to return property seized from him and to provide an inventory of the contents of his vehicle that police seized. Washington theorized that because he is an Indian residing on federal tribal land, the TPD could not search or seize his property.

The district court construed Washington's pleadings in several manners in an attempt to uncover a basis for subject matter jurisdiction but could not. The court first explained that if Washington was seeking a declaratory judgment under 28 U.S.C. § 2201 regarding the validity of the state-issued search warrants, he had not alleged any facts demonstrating an independent basis for jurisdiction. *See Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996) ("The Declaratory Judgment Act does not confer jurisdiction upon federal courts, so the power to issue declaratory judgments must lie in some independent basis of jurisdiction." (citations omitted)).

Next, the district court treated Washington's motions as asserting constitutional errors in the Tulsa County District Court's denial of his suppression

2

motion and the Oklahoma Court of Criminal Appeals' dismissal of mandamus actions he filed in an attempt to appeal that ruling. The district court concluded that it lacked jurisdiction to review the state courts' rulings because "'[28 U.S.C.] § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments.'" R. vol. 1 at 51 (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002)).

Last, the district court construed Washington's motions as seeking relief under 42 U.S.C. § 1983 for violations of his federal rights by state or local officials. The court concluded that Washington had not identified any claims on which the court could grant relief. The court explained that he sued only the State of Oklahoma, but states are not "persons" for § 1983 purposes. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989) (holding "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). The court further explained that if he intended to sue the TPD or the Arlington (Texas) Police Department, "police departments have no legal identity separate from the municipalities they serve. " R. vol. I at 53 (citing *Hill v. Town of Valley Brook*, 595 F. Supp. 3d 1030, 1041–42 (W.D. Okla. 2022)).

In the alternative, the district court concluded that even if Washington had identified a § 1983 claim on which the court could grant relief, the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), required the court to dismiss the action because Washington, an incarcerated state prisoner awaiting criminal

3

prosecution in Texas, had an adequate state forum to present his constitutional claims.[1]

Accordingly, the district court ordered Washington to clarify the nature of his action, identify a basis for subject matter jurisdiction, and show cause why the court should not dismiss his action. Washington responded, stating that he invoked "jurisdiction pursuant to the Fourth Amendment's Exclusionary rule; 18 U.S.C. Section 13; 18 U.S.C. Sections 1151–1153; 25 C.F.R. Section 11.305(d)," and multiple federal and state court decisions. R. vol. I at 56–57. The district court concluded that Washington failed to identify "any facts or law supporting the existence of jurisdiction over his constitutional claims." *Id.* at 71. The court therefore dismissed Washington's action without prejudice for lack of jurisdiction.

Washington now appeals. Because he appears pro se, we construe his filings liberally, but we may not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). But even liberally construing his appellate brief, we see no argument challenging the district court's determination that he failed to sufficiently plead a basis for subject matter jurisdiction. Instead, he argues only that the State of Oklahoma violated his Fourth Amendment rights by issuing a search warrant without

---

[1] *See Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) ("Under the *Younger* abstention doctrine, federal courts are to abstain from exercising jurisdiction to interfere with state proceedings when the following three requirements are met: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." (internal quotation marks omitted)).

probable cause, and the State abused its discretion by failing to hold a suppression hearing and illegally seizing his property. We therefore conclude that Washington has waived appellate review of the district court's dismissal of his action. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong."); *id.* at 1369 (affirming dismissal of claim because appellant's opening brief failed to address the basis for dismissal); *Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).

Furthermore, because Washington advances no argument concerning the basis for the district court's dismissal of his action, we conclude that this appeal is frivolous. *See Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc) ("An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." (internal quotation marks omitted)). We therefore dismiss this appeal, deny Washington's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees, and assess a strike against him. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (directing dismissal of appeal if the court determines it is frivolous); *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) (explaining strike process under 28 U.S.C. § 1915(g)). Washington remains obligated to pay the full

filing fee. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of

an appeal does not relieve prisoner of responsibility to pay the filing fee in full).

Entered for the Court

Bobby R. Baldock
Circuit Judge